**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Nigel WINFIELD, Defendant–Appellant.**

**Nigel WINFIELD, Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

**Nigel WINFIELD, Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

Nos. 89–5280, 90–5345 and 90–5564
**Non–Argument Calendars.**

United States Court of Appeals,
Eleventh Circuit.

May 19, 1992.

█

█
█

Nigel Winfield, pro se.

Dexter Lehtinen, U.S. Atty., James W. Herman, Sp. Atty., Miami Strike Force, OC & R Section, U.S. Dept. of Justice, Lauren J. Priegues, Thomas H. Duke, Linda Collins Hertz, Lynne W. Lamprecht, Asst. U.S. Attys., Miami, Fla., for respondent-appellees.

Before EDMONDSON, COX and BIRCH, Circuit Judges.

PER CURIAM:

Nigel Winfield, a federal prisoner, pled guilty to one count of conspiracy to defraud the United States in its lawful function of the collection of revenue, in violation of 18 U.S.C. § 371 (1988), and one

count of willful income tax evasion in violation of 26 U.S.C. § 7201 (1988). He is presently serving two consecutive five-year sentences, and was also fined $100,000 on the second count. Winfield failed to pursue a direct appeal.

In the three instant appeals, Winfield collaterally attacks his conviction and sentence. First, he contests the denial of a Rule 35 motion seeking reduction of sentence. *See* Fed.R.Crim.P. 35. In addition, Winfield presses a 28 U.S.C. § 2255 (1988) petition to vacate his sentence for felony (rather than misdemeanor) tax evasion, and a second Section 2255 petition asserting ineffective assistance of counsel in connection with a purported statute of limitations defense. For the reasons that follow, we AFFIRM the district court's decision to deny all relief.

## I. DISCUSSION

### A. *The Rule 35 Motion*

After foregoing a direct appeal, Winfield filed a Rule 35 motion seeking reduction of his sentence to time served, which the district court denied without opinion.[1] Winfield now asserts that the district court erred in denying relief and in failing to conduct an evidentiary hearing. Winfield argues that at the sentencing hearing the government misrepresented the extent of his cooperation with law enforcement authorities, thereby depriving him of due process insofar as the government's comments prevented the district court from giving his cooperation due weight in determining his sentence. The focus of Winfield's petition is the prosecutor's representation that all of Winfield's assistance in other criminal investigations had been fruitless. (He also cites certain remarks to the same effect made by the prosecutor at a pre-trial hearing.) Winfield directs our attention to several statements made by FBI agents at pre-trial hearings, which he contends show the extent of his coopera-

tion with law enforcement authorities and contradict the government's representation at sentencing.

■ Although Winfield never explains why he failed to object to these alleged misrepresentations at his sentencing, we need not reject his appeal on waiver grounds because it is clear that Winfield has not produced sufficient facts to compel a hearing. A Rule 35 movant alleging a due process violation is only entitled to an evidentiary hearing when he offers facts which, if proven, would establish the illegality of the sentence or a gross abuse of discretion in failing to reduce the sentence. *United States v. Nerren,* 613 F.2d 572, 573 (5th Cir.1980) (per curiam). Since Winfield argues that his due process rights were violated, he must sufficiently allege that the prosecutor's statements were materially false or unreliable, and that the sentencing judge relied on this information. *United States v. Giltner,* 889 F.2d 1004, 1007 (11th Cir.1989) (per curiam).

■ We find that Winfield has failed to meet this burden. In rendering an opinion with regard to the ultimate profits of Winfield's assistance to the government, the prosecutor merely proffered his assessment of the *value* of Winfield's acknowledged activities. This statement of opinion did not, in fact, contradict pre-trial testimony by FBI agents to the effect that Winfield attempted to aid several investigations. While controversial in Winfield's view, the prosecutor's assessment was not demonstrably inaccurate or poorly informed. Hence, Winfield has not articulated why the prosecutor's opinion as to the fruits of Winfield's assistance should be considered false or unreliable, nor has he shown that the judge relied on that opinion in meting out his sentence.

Given the insufficiency of Winfield's allegations, the district court did not abuse its discretion in denying the Rule 35 motion without conducting an evidentiary hearing.

---

1. Winfield filed a second Rule 35 motion, which was also denied but has not been appealed. Winfield refers to this second Rule 35 motion as a supplement to his original motion. However, Winfield filed a notice of appeal and application to proceed *in forma pauperis* before he filed the "supplement." Winfield never filed a notice of appeal from the denial of his second, or "supplemental" Rule 35 motion.

## B. *The 28 U.S.C. § 2255 Petitions*

To answer Winfield's two Section 2255 petitions, we turn to the affirmative acts of evasion set forth in his indictment, and determine whether those acts are integral to the crime of willful tax evasion under 26 U.S.C. § 2701. If so, Winfield's indictment can be considered to have set forth the elements of a Section 2701 violation, and the statute of limitations for that violation can be deemed to have started running after the completion of those acts. Concluding that the affirmative acts alleged in the indictment do fall under Section 2701, we find no merit in either of Winfield's petitions.

In his first Section 2255 petition, Winfield argues that Count 2 of his indictment actually charges him with the misdemeanor of failing to file an income tax return, rather than the felony of willful tax evasion to which he pled guilty. Therefore, Winfield contends, he was convicted of a charge for which he was not indicted. Winfield's position is that he did not commit the felony of willful income tax evasion because he did not commit an affirmative act during the year in question. He argues that, at most, he committed the misdemeanor offense of failure to file an income tax return in 1978.

In his subsequent Section 2255 petition, Winfield asserts that the statute of limitations barred prosecution for willful tax evasion, and that his counsel was therefore ineffective for failing to advise him of this defense. According to Winfield's interpretation, the six-year statute of limitations applicable to willful tax evasion began to run when his 1978 return was due to be filed, and not the date of the last overt act of evasion. *See* 26 U.S.C. § 6531(2) (1988). Hence, he believes he could not be prosecuted on an indictment returned eight years later in 1986.

■ Since the instant indictment does set forth affirmative acts of evasion *after* 1978, it is critical to determine whether the crime of willful tax evasion includes acts of evasion occurring after the tax return in question was due. We find that the question is answered by the rule announced in *United States v. Beacon Brass Co.*, 344 U.S. 43, 73 S.Ct. 77, 97 L.Ed. 61 (1952). There, the Supreme Court, in construing the predecessor to 26 U.S.C. § 7201, held that false statements made to the IRS after the date the return was due were included as part of the crime. *Id.* at 45–46, 73 S.Ct. at 79. Nothing warrants a departure from *Beacon Brass* with respect to the version of Section 7201 under which Winfield was convicted. Indeed, the language of the statute violated by Winfield is identical to the Internal Revenue Code provision construed in Beacon Brass. *See* 26 U.S.C. § 7201; *Beacon Brass*, 344 U.S. at 44, 73 S.Ct. at 78. Hence, an affirmative act constituting an evasion or attempted evasion of the tax occurs when false statements are made to the IRS after the tax was due, and an allegation to that effect satisfies the affirmative act element of the crime. *See United States v. Edwards*, 777 F.2d 644, 650 (11th Cir.1985), *cert. denied*, 475 U.S. 1123, 106 S.Ct. 1644, 90 L.Ed.2d 189 (1986) (affirmative act as an essential element).

■ In light of this rule, there is no merit to Winfield's assertion that Count 2 of the indictment failed to allege a felony, rather than merely a misdemeanor in which no affirmative acts of evasion occurred. Count 2 of the indictment charged Winfield for knowingly failing to pay income tax for 1978 and concealing his income by:

> filing and causing to be filed on or about December 5, 1980, a false and fraudulent U.S. Corporation Income Tax Return ... for the taxable year ending January 31, 1979, and by making false statements [to the IRS] on or about June 22, 1984, and on or about August 16, 1984.

R1–19–27. Thus, among other acts, the indictment specifies the affirmative act of making false statements as late as 1984. Under the rule of *Beacon Brass*, acts of evasion, and specifically false statements to the IRS that occur subsequent to the due date of the unpaid taxes can be included in the indictment as part of the felony violation. Since the indictment sufficiently sets forth the affirmative act required by

26 U.S.C. § 7201, the district court properly rejected Winfield's first petition.[2]

Furthermore, we believe that the rule in *Beacon Brass* extends to foreclose Winfield's subsequent habeas petition pertaining to the statute of limitations defense. In the *Beacon Brass* case itself, the Court specifically declined to address whether the statute of limitations begins to run on the date of the last overt act or on the date the return was due or filed. 344 U.S. at 47, 73 S.Ct. at 79. And this Circuit has never ruled on this precise question.[3] The First Circuit, however, has squarely considered the issue presented in the instant case and has determined that the statute of limitations begins to run on the date of the last overt act, not the date the return was due to be filed. *United States v. Ferris,* 807 F.2d 269, 271 (1st Cir.1986), *cert. denied,* 480 U.S. 950, 107 S.Ct. 1613, 94 L.Ed.2d 798 (1987). The *Ferris* court cited *Beacon Brass* in announcing its rule, reasoning that the statute cannot sensibly be deemed to run until the acts upon which the crime is based—including false statements—are completed. *Ferris,* 807 F.2d at 271. The Seventh Circuit has expressed a similar view. *United States v. Trownsell,* 367 F.2d 815, 816 (7th Cir.1966).

 We hereby adopt the rule that the statute of limitations in relation to Section 7201 begins to run upon the last act of evasion. Indeed, no alternative formulation can be reconciled with the instruction of *Beacon Brass* in combination with Congress' intention that the limitations period should begin to run at the time the defendant commits the acts upon which the crime is based. *United States v. Habig,* 390 U.S. 222, 225, 88 S.Ct. 926, 928, 19 L.Ed.2d 1055 (1968). In this case, Winfield committed his last act on August 16, 1984. He was indicted on April 14, 1986, less than two years after he lied to the IRS. Since the statute of limitations was unavailable as a defense, Winfield's counsel was not ineffective in failing to recognize this issue, as a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client. *See Strickland v. Washington,* 466 U.S. 668, 692–93, 104 S.Ct. 2052, 2067–68, 80 L.Ed.2d 674 (1984).[4]

## II. CONCLUSION

Based on the foregoing analysis, we AFFIRM the decisions of the district court.

---

**2.** In addition, a guilty plea may not be challenged in a collateral attack if it was made voluntarily and with the benefit of counsel. *United States v. Broce,* 488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989). The record indicates that Winfield's plea was both counseled and voluntary. Therefore, there is a presumption that his plea is constitutionally adequate. *Downs–Morgan v. United States,* 765 F.2d 1534, 1541, n. 14 (11th Cir.1985).

**3.** Addressing a related issue in a case in which no subsequent false statements were proven, this court has held only that the limitations period begins to run on the date the return is due if the IRS denies an extension request. *United States v. Phillips,* 843 F.2d 438, 442 (11th Cir.1988) (involving a prosecution under 26 U.S.C. § 7203).

**4.** Winfield also argues for the first time in his reply brief that the district court erred by sentencing him to a $100,000 fine for the second count, whereas he should have received no more than a $10,000 fine. Winfield seeks to rely on the version of Section 7201 in force in 1978–79—the timeframe, in his view, in which his offense occurred. 26 U.S.C. § 7201 currently provides that the maximum fine is $100,000. This penalty, however, only applies to offenses committed after September 3, 1982. *See* Pub.L. No. 97–248, § 329(e), 96 Stat. 619 (1982). Prior to the 1982 amendment, persons who violated this statute were subject to a maximum fine of $10,000. *See id.* § 329(a), 96 Stat. 618. Regardless, Winfield's invocation of the pre–1982 provision clearly fails. Our holding that Section 7201 encompasses acts that Winfield committed as late as 1984 precludes his reliance on the pre–1982 version of the statute.