[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-14298
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 22, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 81-00082-CR-J-25-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ENRIQUE LEHDER-RIVAS,
a.k.a. Joe Lehder,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

(June 22, 2005)

Before TJOFLAT, ANDERSON and PRYOR, Circuit Judges.

PER CURIAM:

Carlos Enrique Lehder-Rivas, appearing pro se, appeals the district court's

denial of his motion for an evidentiary hearing on his motion, filed pursuant to

Fed. R. Cri. P. 35(b)(2), to compel the Government to perform its obligations under a cooperation agreement he entered into with the office of the United States Attorney for the Middle District of Florida (the "USAO"). According to Lehder-Rivas, the agreement provided that if he substantially assisted the USAO's investigation, the USAO would file a Rule 35 motion to reduce his sentence. He represents that he gave the United States Attorney's Office in Houston, Texas, the Federal Bureau of Investigation, and the Joint Drug Intelligence Group assistance on a case, and they told him that they would recommend to the USAO that it file a Rule 35 motion on his behalf. The recommendation was forthcoming, he says; nonetheless, the USAO refuses to honor the agreement and file such a motion. He contends that an unconstitutional reason motivated the USAO's decision.

Lehder-Rivas asked the district court to hold an evidentiary hearing on his motion to compel. The court considered an evidentiary hearing unnecessary and therefore declined to hold one. The court then denied his motion to compel, stating, in relevant part, that his claim that the USAO's refusal to file a Rule 35 motion was based on an unconstitutional motive failed because he neither alleged, nor proffered evidence, that the USAO's refusal was based on his race.[1]

---

[1] Lehder-Rivas does assert that the USAO discriminated against him on account of his race, "Latino," prior to his trial by refusing to offer him a plea bargain while at the same time offering a plea bargain to his 13 co-conspirators who are white. He has not alleged, however, that such discrimination somehow motived the USAO's decision not to file a Rule 35 motion.

Rule 35 allows the government to move the district court to reduce a defendant's sentence when the defendant provides substantial assistance in investigating or prosecuting another person.  See Fed. R. Crim. P. 35(b).  The Supreme Court has stated in the U.S.S.G. § 5K1.1 context, which is akin to Rule 35, that the government has the power, but not the duty, to file a motion to reduce a defendant's sentence for providing substantial assistance. Wade v. United States, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992).

> [F]ederal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive. Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion, say, because of the defendant's race or religion. . . .[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive.

Id. at 185-186, 112 S.Ct. at 1843-1844.  We have said that a Rule 35 movant is only entitled to an evidentiary hearing when "he offers facts which, if proven, would establish . . . a gross abuse of discretion in failing to reduce the sentence." United States v. Winfield, 960 F.2d 970, 972 (11th Cir. 1992).

In the case at hand, the court was precluded from holding an evidentiary hearing because Lehder-Rivas failed to demonstrate—by allegation or proffer of

evidence—that the USAO's decision not to file a Rule 35 motion was based on an unconstitutional motive.

AFFIRMED.