[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 05, 2006
THOMAS K. KAHN
CLERK

No. 05-15821
Non-Argument Calendar

_____

D. C. Docket No. 01-14049-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD EUGENE MARSHALL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 5, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Edward Marshall, a federal prisoner, appeals the district court's

order denying his motion to compel the government to file a Fed. R. Crim. P. 35(b) motion for a reduction in sentence. Marshall argues that because he provided substantial assistance to the government and the government had no rational reason not to file a Rule 35(b) motion, he is entitled to an evidentiary hearing to establish his entitlement to a Rule 35(b) motion for a reduction in sentence.

Whether the government can be compelled to file a substantial assistance motion is a question of law that we review *de novo*. *See United States v. Forney*, 9 F.3d 1492, 1498 (11th Cir. 1993). A district court's decision not to hold an evidentiary hearing is reviewed for an abuse of discretion. *United States v. Winfield*, 960 F.2d 970, 972 (11th Cir. 1992).

Federal Rule of Criminal Procedure 35(b)(2) provides that, after a sentence has been imposed, upon motion of the government made more than one year after sentencing, a district court may reduce a defendant's sentence based on substantial assistance if the defendant's substantial assistance involved information not known by the defendant, not useful to the government, or the usefulness of which was not reasonably anticipated by the defendant, until more than one year after sentencing. Fed. R. Crim. P. 35(b). The government has "a power, not a duty, to file a motion when a defendant has substantially assisted." *Forney*, 9 F.3d at 1500 (quoting *Wade v. United States*, 504 U.S. 181, 185, 112 S. Ct. 1840, 1843, 118 L. E. 2d 524

(1992) (U.S.S.G. § 5K1.1 substantial assistance context). We limit our "review of the government's refusal to file substantial assistance motions to claims of unconstitutional motive." *United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000). A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of improper motive is not entitled to a remedy or even to discovery or an evidentiary hearing. *Wade*, 504 U.S. at 186, 112 S. Ct. at 1844. Thus, judicial review is generally appropriate only when "there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." *Forney*, 9 F.3d at 1502.

The record demonstrates that Marshall alleged only bad faith as the motivation for the government's refusal to file a Rule 35(b) motion to reduce his sentence. Marshall made neither an allegation nor a substantial showing of a constitutionally impermissible motivation. Therefore, the district court was without authority to review the government's exercise of prosecutorial discretion, and Marshall was entitled to neither an order to compel nor an evidentiary hearing.

**AFFIRMED.**