[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 5, 2006
THOMAS K. KAHN
CLERK

No. 06-10973
Non-Argument Calendar

_____

D. C. Docket No. 00-00011-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISAAC CLARK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 5, 2006)

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Isaac Clark, a federal prisoner serving a 120-month sentence for conspiracy

to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846, appeals pro se from the district court's denial of his motion to compel specific performance of his plea agreement. He contends that the government breached his plea agreement by failing, in its Federal Rule of Criminal Procedure 35(b) motion, to fully inform the court of the extent of his cooperation. Clark also argues that the district court erred by failing to hold an evidentiary hearing on his motion to compel and by not specifically addressing the issues he raised in that motion.

We review de novo whether the district court may compel the government to file an initial substantial-assistance motion or a supplemental one. United States v. Forney, 9 F.3d 1492, 1498 (11th Cir. 1993). A district court's decision not to hold an evidentiary hearing is reviewed only for an abuse of discretion. United States v. Winfield, 960 F.2d 970, 972 (11th Cir. 1992).

Rule 35(b) allows a district court, on the government's motion, to reduce a defendant's sentence to reflect substantial assistance provided by the defendant to the government after sentencing. Fed.R.Crim.P. 35(b)(2). "Rule 35(b) 'provides the only avenue for reduction of a legally imposed federal prison sentence.'" United States v. Orozco, 160 F.3d 1309, 1313 n.6 (11th Cir. 1998) (citation omitted). The government has "a power, not a duty, to file a motion when a

2

defendant has substantially assisted." Forney, 9 F.3d at 1500 (quoting Wade v. United States, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843 (1992)). Federal district courts may review the government's refusal to file a substantial-assistance motion only if the defendant first makes a "substantial threshold showing" that the refusal was based upon an unconstitutional motive, such as the defendant's race or religion. Wade, 504 U.S. at 185-86, 112 S.Ct. at 1843-44. In the absence of this showing, the defendant has no right to discovery or an evidentiary hearing on this issue. Id. at 186, 112 S.Ct. at 1844.

In the present case the district court lacked the authority to compel the government to file another Rule 35(b) motion because Clark never alleged that the government's failure to file one was based on an unconstitutional motive. Instead, Clark claimed that the government breached the plea agreement and acted in bad faith by failing to fully inform the court of his assistance. This allegation is insufficient to justify judicial review. Therefore, the district court was without authority to review the government's exercise of prosecutorial discretion, and Clark was entitled to neither an order to compel nor an evidentiary hearing.

**AFFIRMED.**