[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 24, 2007
THOMAS K. KAHN
CLERK

No. 07-11022
Non-Argument Calendar

_____

D. C. Docket No. 04-60004-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GLENN CHIESA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 24, 2007)**

Before ANDERSON, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Glenn Thomas Chiesa, a federal prisoner proceeding <u>pro se</u>, appeals the

district court's denial of his motion to compel the government to file a motion to reduce his sentence under Federal Rule of Criminal Procedure 35(b). On appeal, Chiesa argues that the government breached its plea agreement with him by refusing in bad faith to file a Rule 35(b) motion to reduce his sentence. Chiesa concedes that his argument is foreclosed by prior circuit precedent, but requests en banc reconsideration of the settled issue raised in his appellate brief. Chiesa further argues that the district court abused its discretion by denying his request for an evidentiary hearing regarding his cooperation and substantial assistance.

Federal Rule of Criminal Procedure 35(b) says that the government may, on its own motion, ask the district court to reduce a defendant's sentence if the defendant provides the government with substantial assistance. Fed.R.Crim.P. 35(b). The government may, but is not required to, file a motion to reduce the sentence of a defendant who has rendered substantial assistance. See United States v. Forney, 9 F.3d 1492, 1500 (11th Cir. 2005). "[F]ederal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." Wade v. United States, 504 U.S. 181, 185-86, 112 S. Ct. 1840, 1844-45, 118 L.Ed.2d 524 (1992). The district court's decision not to grant an evidentiary hearing is reviewed for abuse of discretion. See United States v. Winfield, 960

2

F.2d 970, 972 (11th Cir. 1992).

It is clear on the face of the plea agreement entered into between Chiesa and the government that the government retained discretion to file a Rule 35 motion. Chiesa concedes that he has not shown that the government's refusal to file a Rule 35(b) motion was based on an unconstitutional motive. Chiesa takes issue with this Court's precedent; however, "only the Supreme Court or this Court sitting en banc can judicially overrule a prior panel decision." United States v. Marte, 356 F.3d. 1336, 1344 (11th Cir. 2004). Chiesa alleged that he was entitled to an evidentiary hearing to resolve disputed material facts. However, even if Chiesa provided the assistance that he says he did, the government still retained the discretion under the plea agreement to evaluate "the nature and extent" and the "quality and significance" of Chiesa's assistance and to determine whether a Rule 35(b) motion was appropriate. Moreover, Chiesa has not made a "substantial threshold showing" of an unconstitutional motive. See Wade, 504 U.S. 186, 112 S. Ct. at 1844 (noting that defendant conceded he had no right to evidentiary hearing without making "substantial threshold showing" that refusal was based on suspect reason such as race or religion). Thus, the district court did not abuse its discretion by declining to hold an evidentiary hearing. For the foregoing reasons, the district court did not err in denying Chiesa's motion to compel the government to file a

motion pursuant to Federal Rule of Criminal Procedure 35(b) to reduce his

sentence. Accordingly, we affirm.[1]

---

[1] Chiesa makes a passing argument that the government's refusal to file a Rule 35 motion was not "rationally related to a legitimate government end." (Blue Brief at 7). However, Chiesa does not support this argument, does not identify the government end to which the refusal should be related, and does not otherwise explain why the denial was not rationally related to a legitimate government end. Therefore, because Chiesa did not support this argument, he has abandoned it. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (passing reference in appellate brief is insufficient to raise an issue). Moreover, Chiesa did not raise this issue below. Therefore, the standard of review, assuming the issue were not abandoned, would be plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 545 U.S. 1127, 125 S. Ct. 2935, 162 L.Ed.2d 866 (2005). Chiesa has not shown plain error. See id.