[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14174
Non-Argument Calendar

_____

D. C. Docket No. 04-20964-CV-ASG

MICHAEL OJEDA,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
Secretary, Department of Corrections,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 4, 2008)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Petitioner Michael Ojeda ("Ojeda"), a Florida state prisoner proceeding *pro se*, appeals the denial of his petition for habeas corpus. We granted a certificate of appealability ("COA") on the issue of whether Ojeda received ineffective assistance of counsel. Ojeda argues that he received ineffective assistance of counsel in three ways: (1) counsel failed to move to suppress a confession that he never gave and was obtained in violation of the law; (2) counsel failed to interview, depose, and investigate state and defense alibi witnesses; and (3) counsel failed to investigate and introduce exculpatory evidence of a footprint found at the scene of the crime.[1]

"When reviewing the district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact *de novo*, and findings of fact for clear error." *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000).

Because Ojeda filed his federal habeas petition after April 24, 1996, this case

---

[1]Ojeda also argues that he should have been granted an evidentiary hearing on his claims of ineffectiveness. While not specifically covered by the COA, we have jurisdiction to consider the issue because it is subsumed into the question of whether counsel was ineffective. *See Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998) (finding that an evidentiary hearing was warranted on an ineffective assistance of counsel claim even though the COA only specifically addressed the issue of whether the movant received ineffective assistance). An evidentiary hearing, however, was unnecessary because the trial transcripts sufficiently addressed the issue, and thus a hearing would not have added any new information. *See Schriro v. Landrigan*, 550 U.S. ___, ___, 27 S. Ct. 1933, 1940, 167 L. Ed. 2d 836 (2007) (holding that if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing).

is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which "establishes a highly deferential standard for reviewing state court judgments." *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005) (citation omitted). An application for a writ of habeas corpus may be granted when any claim that was adjudicated on the merits in State court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The Supreme Court has said that

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-413, 120 S. Ct. 1495, 1523, 146 L. Ed. 2d 389 (2000). The determination of a factual issue made by a state court shall be presumed to be correct unless rebutted by the applicant by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

To demonstrate ineffective assistance of counsel, a prisoner must show that

3

counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). There is no reason for a court deciding an ineffective-assistance-of-counsel claim to approach the inquiry in the same order, or even to address both components of the inquiry, if the petitioner makes an insufficient showing on one. *Id.* at 697, 104 S. Ct. at 2069.

The proper measure of attorney performance is reasonableness under the prevailing professional norms, and judicial scrutiny of counsel's performance must be highly deferential. *Id.* at 688, 104 S. Ct. at 2065. If the record is incomplete or unclear about counsel's actions, then it is presumed that counsel exercised reasonable professional judgment. *Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (*en banc*). Counsel is not incompetent so long as the particular approach taken could be considered sound strategy. *Id.* at 1314.

To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. The court must also consider the totality of the evidence before the judge or jury in making the prejudice determination. *Id.* at 695, 104 S. Ct. at 2069.

"Th[e] correct approach toward investigation reflects the reality that lawyers

4

do not enjoy the benefit of endless time, energy or financial resources." *Rogers v. Zant*, 13 F.3d 384, 387 (11th Cir. 1994). To be effective, a lawyer is not required to "pursue every path until it bears fruit or until all hope withers." *Williams v. Head*, 185 F.3d 1223, 1237 (11th Cir. 1999) (citation omitted). "The question is whether . . . ending an investigation short of exhaustion, was a reasonable tactical decision. If so, such a choice must be given a strong presumption of correctness, and the inquiry is generally at an end." *Mills v. Singletary*, 63 F.3d 999, 1024 (11th Cir. 1995) (citation omitted).

A lawyer's failure to raise a meritless issue cannot prejudice a client. *See United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). The burden of persuasion is on the petitioner to prove, by a preponderance of the evidence, that counsel's performance was unreasonable. *Chandler*, 218 F.3d at 1313.

After reviewing the record, we conclude that Ojeda failed to demonstrate that the state habeas court unreasonably applied federal law in denying his claims of ineffective assistance of counsel because the motion to suppress would have been meritless, and counsel's decision to not call alibi witnesses was a reasonable strategic decision. Moreover, we conclude that the district court did not err in finding that counsel's failure to introduce the footprint was not prejudicial to Ojeda because the evidence would not have reasonably led to a different outcome.

Accordingly, we affirm the judgment denying habeas relief.

**AFFIRMED.**