[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 26, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10711
Non-Argument Calendar

_____

D. C. Docket Nos.
07-00387-CV-TWT-1 & 03-00023 CR-1-T

MIGUEL ANGEL DIAZ-BOYZO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 26, 2008)**

Before BIRCH, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Miguel Angel Diaz-Boyzo appeals the district court's denial of his motion to vacate his sentence, 28 U.S.C. § 2255. The district court rejected Diaz-Boyzo's motion based on a determination that he did not receive ineffective assistance of counsel. For the reasons that follow, we AFFIRM.

## I. BACKGROUND

A federal grand jury in 2003 indicted Diaz-Boyzo for a number of offenses relating to the possession and distribution of methamphetamine and cocaine. He eventually was tried on four of these counts, including distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) (Count Five), carrying a firearm during and in relation to this distribution, in violation of 18 U.S.C. § 924(c)(1) (Count Six), and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) (Count Eight).[1] The jury convicted him on the first two counts but acquitted him on the third. The district court sentenced Diaz-Boyzo to 180 months of imprisonment – 120 months for Count Five and 60 months for Count Six. We affirmed both convictions. See United States v. Diaz-Boyzo, 432 F.3d 1264 (11th Cir. 2005).

On appeal, Diaz-Boyzo asserts that his counsel was ineffective for failing to

---

[1] He was also charged with (and acquitted of) conspiracy to possess with intent to distribute cocaine and methamphetamine, but that count is not at issue in this case.

object to the district court's constructive amendment of his indictment or to raise that issue on appeal. These allegations stem from the district court's potentially confusing jury instructions regarding the distribution, possession, and firearm charges. The instructions first referred to "Count Five" and then discussed the elements of the distribution offense. See R15 at 732. The court then proceeded to discuss the elements of the possession offense (Count Eight). See R15 at 732-33. In detailing these components, though, the district court never referred to "Count Eight," instead stating that 21 U.S.C. § 841(a)(1) criminalized such possession and that the jury had to find certain facts in order to find the defendant guilty of "that offense." R15 at 733. Diaz-Boyzo asserts that the failure to explicitly state that the possession elements were part of Count Eight, instead of Count Five, led the jury to believe he could be convicted of Count Five based on proof of either the distribution elements or the possession elements.

Diaz-Boyzo alleges that this confusing description of the distribution charge constructively amended the firearm charge in Count Six. The grand jury indictment only charged Diaz-Boyzo with carrying a firearm in relation to the distribution offense. The district court's jury instructions on Count Six stated that the firearm should have been used as part of the offense described in "Count Five" and contained no language limiting the scope to just the distribution charge. See

3

R15 at 734. Based on the court's earlier language broadening Count Five, Diaz-Boyzo contends that the jury could have believed it could convict him of carrying a firearm in relation to either the distribution offense or the possession offense. The indictment only referenced the former, thus the instruction would amount to a constructive amendment of the indictment since it broadened that count's potential basis for conviction. Diaz-Boyzo's counsel failed to object to any of these jury instructions, which Diaz-Boyzo asserts should constitute ineffective assistance of counsel.

## II. DISCUSSION

"We review de novo a claim of ineffective assistance of counsel, which is a mixed question of law and fact." Caderno v. United States, 256 F.3d 1213, 1216-17 (11th Cir. 2001). To make a successful claim of ineffective assistance of counsel, a petitioner must show both that his "counsel's performance was deficient" and "that the deficient performance prejudiced [his] defense." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). We apply a strong presumption of adequate assistance, with the burden on the petitioner to show that an attorney's performance "fell below an objective standard of reasonableness." Id. at 688-690, 104 S.Ct. at 2064-66. In addition, the petitioner must demonstrate prejudice by proving "that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. at 2068. An attorney would thus not be ineffective for failing to preserve a nonmeritorious issue because such a failure would not change the result and thus could not prejudice the client. See United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992). Ineffective-assistance claims against appellate counsel are evaluated under the same two-part standard announced in Strickland. See Johnson v. Alabama, 256 F.3d 1156, 1187 (11th Cir. 2001).

A constructive amendment to an indictment "occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment." United States v. Keller, 916 F.2d 628, 634 (11th Cir. 1990). "When a defendant is convicted of charges not included in the indictment, an amendment of the indictment has occurred." Id. at 633. A jury instruction that contains such an amendment "constitutes per se reversible error," since it "violates a defendant's constitutional right to be tried only on charges presented in a grand jury indictment." United States v. Weissman, 899 F.2d 1111, 1114 (11th Cir. 1990) (emphasis added).

District courts have a great deal of discretion in how they choose to phrase

5

jury instructions, assuming the instructions accurately represent the law.  See

United States v. Starke, 62 F.3d 1374, 1380 (11th Cir. 1995).  We evaluate

challenges to jury instructions in context, focusing on whether "the entire charge as

a whole . . . is an accurate statement of the issues and the law."  Weissman, 899

F.2d at 1113 (citation omitted).  We will not reverse a conviction unless we find

that "the issues of law were presented inaccurately, the charge included crimes not

contained in the indictment, or the charge improperly guided the jury in such a

substantial way as to violate due process."  Id. at 1114 (citation omitted).  Even if

an instruction was incorrect, reversal of a conviction is only merited when there is

"a substantial and ineradicable doubt as to whether the jury was properly guided in

its deliberations."  Id. at 1114 n.1.

In this case, though the district court's jury instructions may have presented

a source of confusion to the jury, they do not appear to be so problematic as to

constitute improper instructions to which counsel should have been expected to

object.  Based on the court's phrasing, the jury could have thought that the

elements of Count Eight were part of Count Five, thereby affecting their analysis

of Count Six.  However, the effect of such an assumption appears to have been

mitigated by a number of factors.  The jury convicted Diaz-Boyzo on Count Five

but acquitted him on Count Eight, indicating that it understood there to be a

6

substantive difference between the two counts. Additionally, the jury apparently had a written copy of the indictment to refer to in its deliberations, thus allowing it to look at the actual text of Count Five when analyzing Count Six.[2] This is particularly noteworthy since the jurors did not request further elaboration of the instructions, thus likely showing that they were not confused about the grounds for conviction. See United States v. Moore, 525 F.3d 1033, 1046 (11th Cir. 2008).

Based on the actual text of the district court's instructions, along with these mitigating factors, there would appear to be no constructive amendment of the indictment. All of the statements made by the district court represent accurate discussions of the law. The sole potential problem with the instructions was the failure to specifically state that the discussion of the possession charge was part of Count Eight rather than Count Five. The effect of this omission was likely minimal, particularly in light of the material seen by the jury and its subsequent behavior. As we have previously noted, "[w]hen the instructions, taken together, accurately express the law applicable to the case without confusing or prejudicing the jury, there is no reason for reversal even though isolated clauses may, in fact, be confusing, technically imperfect, or otherwise subject to criticism." Weissman, 899 F.2d at 1114 n.1. In this case, any contention that the instructions constituted a

---

[2] The court indicated that the jurors would be provided with such a copy and there was no indication in the briefing that this did not occur. See R15 at 729.

7

constructive amendment of the indictment would thus be meritless. The failure by Diaz-Boyzo's counsel to make such an objection thus would not be sufficiently deficient to constitute ineffective assistance of counsel, especially given our strong presumption of adequate representation.

## III. CONCLUSION

Since the district court's instructions, taken as a whole, did not amount to constructive amendment of the indictment, Diaz-Boyzo's counsel was not ineffective for failing to object to the instructions in the district court or raise the issue on appeal. Accordingly, we affirm the district court's judgment.

**AFFIRMED.**