[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11371
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 13, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 00-00432-CR-T-30-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR AUGUSTO MARIN-MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 13, 2010)

Before TJOFLAT, EDMONDSON and PRYOR, Circuit Judges.

PER CURIAM:

The United States arrested Petitioner for possession and conspiracy to distribute five or more kilograms of cocaine.  In exchange for a reduced sentence, Petitioner says he provided the government with information for use in related investigations. Petitioner filed a motion asking the District Court to compel the government to file a motion to reduce Petitioner's sentence under Federal Rule of Criminal Procedure 35(b).  The District Court denied Petitioner's motion without an evidentiary hearing.  We see no reversible error; we affirm.

In 2001, Petitioner was convicted, and the District Court sentenced Petitioner to 360 months imprisonment.  In 2009, Petitioner filed a motion with the District Court to compel the government to file a motion to reduce his sentence under Rule 35(b).  Although a Rule 35(b) motion is discretionary, Petitioner asked the District Court to review why the government had not lived up to an alleged deal to file the motion.  Petitioner suggested that the reason was to punish Petitioner for demanding a jury trial: an unconstitutional motive.  The District Court denied Petitioner's motion.

We review a district court's denial of a motion to compel the government to file a Rule 35(b) motion (as well as its decision not to hold an evidentiary hearing on the motion) for an abuse of discretion.  United States v. Winfield, 960 F.2d 970, 972 (11th Cir. 1992).

2

District courts have authority to review the government's refusal to file a Rule 35(b) motion and to grant a remedy if the refusal was based on an unconstitutional motive. Wade v. United States, 112 S. Ct. 1840, 1843-44 (1992). Just because a defendant provides substantial assistance, the defendant is not entitled to a remedy, discovery, or even an evidentiary hearing. Id. at 1844. Generalized allegations of improper governmental motive are insufficient; Defendant must make a "substantial threshold showing" before a district court must grant an evidentiary hearing. Id.

Petitioner presented evidence directed towards the existence of an agreement with the government.[1] Petitioner did not present evidence directed towards the reason the government violated the agreement, if the agreement ever existed. Because Petitioner failed to make a substantial threshold showing that the government had an unconstitutional motive for not filing a Rule 35(b) motion, Petitioner is unentitled to an evidentiary hearing, discovery, or remedy. The District Court did not abuse its discretion in denying Petitioner's motion without an evidentiary hearing.

AFFIRMED.

---

[1] The government says that the evidence that Petitioner attached as appendices to his brief were not part of the district court record, and it is therefore improper for this court to consider them. Given that the appendices do not go to Petitioner's required showing, we need not reach their legitimacy.