[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13120
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 29, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 98-14021-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY CLARK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 29, 2010)

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Timothy Clark, a *pro se* federal prisoner, appeals the district courts denial of

his motion for specific performance requesting the government to file a Fed.R.Crim.P. 35(b) motion for a reduction of his sentence. Clark alleged in his motion that Special Agent Nicolas Kent and Assistant United States Attorney James McAdams orally agreed to file a Rule 35(b) motion on his behalf after his distant cousin Leroy Hayes provided substantial assistance in other criminal matters.

Clark argues that he was entitled to have the government file a Rule 35(b) motion based on the substantial assistance he provided. Clark contends that the government, per the cooperation agreement, was obligated to consider his post-sentence cooperation and acted in bad faith by not honoring the agreement. Moreover, he contends that he was entitled to an evidentiary hearing to determine whether the government violated its contractual obligations. Finally, Clark argues that the government's refusal to file a Rule 35(b) motion was based on an unconstitutional motive because it violated due process.

We review *de novo* whether the district court may compel the government to file an initial substantial-assistance motion or a supplemental one. *United States v. Forney*, 9 F.3d 1492, 1498 (11th Cir. 1993) (addressing a motion under U.S.S.G. § 5K1.1). A district court's decision not to hold an evidentiary hearing is reviewed only for an abuse of discretion. *United States v. Winfield*, 960 F.2d 970, 972 (11th

Cir.1992).

Rule 35(b) allows the government to move the district court to reduce a defendant's sentence after sentencing when the defendant provides substantial assistance in investigating or prosecuting another person. *See* Fed.R.Crim.P. 35(b). The government has the power, but not the duty, to file a Rule 35(b) motion when the defendant has provided substantial assistance. *Wade v. United States*, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992) (U.S.S.G. § 5K1.1 substantial assistance context).

The Supreme Court has held that federal district courts may review the government's refusal to file a substantial-assistance motion if the defendant first makes a "substantial threshold showing" that the refusal was based upon an unconstitutional motive, such as race or religion. *Wade*, 504 U.S. at 186-87, 112 S.Ct. at 1843-44. In the absence of this showing, the defendant has no right to discovery or an evidentiary hearing on the issue. *Id.* at 186, 112 S.Ct. at 1844. In *Wade*, the Court noted that a defendant would be entitled to relief if the prosecutor's refusal to move was not rationally related to any legitimate government interest. *Id.* Applying the Supreme Court's holding in *Wade*, we have concluded that "courts are precluded from intruding into prosecutorial discretion," except where there is "an allegation and a substantial showing that the prosecution

3

refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion." *Forney*, 9 F.3d at 1501-02. In *Forney*, we noted that general contract principles do not control when the government has not specifically agreed to file a § 5K1.1 motion, and, therefore, there must be a substantial showing of an unconstitutional motivation in order to warrant judicial review. *Id.* at 1500 n.3.

Accordingly, under the facts of this case, the district court cannot be said to have erred by denying Clark's motion for specific performance. Clark failed to allege that the government failed to file a Rule 35(b) motion based on a recognized unconstitutional motive. Likewise, Clark was not entitled to an evidentiary hearing because he failed to allege that the government's refusal to file a Rule 35(b) motion was based on a constitutionally impermissible motive.

**AFFIRMED.**