[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2011
JOHN LEY
CLERK

No. 10-12497
Non-Argument Calendar

_____

D.C. Docket No. 4:06-cr-00095-BAE-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN LAVOY ROBINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 18, 2011)

Before EDMONDSON, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Kevin Lavoy Robinson appeals pro se from the district court's denial of his

"Motion to Compel Specific Performance," which requested that the court order

the government to consider moving for a reduction in his prison sentence under Federal Rule of Criminal Procedure 35(b) based on his substantial assistance. He also appeals the denial of his motion for reconsideration and for an evidentiary hearing.

## I.

In February 2007 Robinson pleaded guilty under a written plea agreement to one count of possession with intent to distribute a quantity of cocaine hydrochloride, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(C). In the plea agreement the government agreed to "consider whether" Robinson's cooperation "qualifies as 'substantial assistance' pursuant to 18 U.S.C. § 3553(e) and Rule 35," but that agreement also made clear that "the determination as to whether the defendant has provided 'substantial assistance' rests solely with the government."

In August 2009, Robinson filed what he styled as a "Motion to Compel Specific Performance," which relied on 28 U.S.C. § 1361 and discussed law relating to mandamus relief and law relating to Rule 35 motions for substantial assistance. On February 2, 2010, the district court denied the motion, reasoning that "in essence" Robinson was merely seeking to have the government file a Rule 35(b) motion but that the decision to do so "rests solely within the discretion of the government." The court did not issue a separate judgment on its order.

On April 30, 2010, Robinson filed a motion for reconsideration of the district court's February 2 order. The court denied that motion on May 6, 2010, and on May 21, 2010, Robinson mailed a notice of appeal as to both the denial of his original motion and to the denial of his motion for reconsideration.

The government moved to dismiss the appeal for lack of jurisdiction, arguing that it was an untimely criminal appeal. We issued an order denying the government's motion to dismiss, holding that Robinson's notice of appeal was timely at least with respect to the district court's denial of his motion for reconsideration. We reasoned that because Robinson was requesting mandamus relief under 28 U.S.C. § 1361, the civil appeal filing deadline applied, not the deadline for criminal appeals. We carried with the case the issue of whether Robinson's notice of appeal was timely with respect to the district court's denial of Robinson's motion to compel specific performance of the plea agreement. We now consider that issue before turning to the merits.

### III.

Under Rule 58 of the Federal Rules of Civil Procedure, every civil judgment must be set out in a separate document. Fed. R. Civ. P. 58(a). But that rule also includes five exceptions: "a separate document is not required for an order disposing of a motion" under Rule 50(b), 52(b), 54, 59, or 60. Id. If the entry of a

3

separate document is required, the time to appeal runs from the earlier of either (1) the entry of a separate Rule 58 judgment or (2) when "150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79(a)." Fed. R. App. P. 4(a)(7)(A)(ii); see Fed. R. Civ. P. 58, 79(a). In a civil case where the United States is a party, a notice of appeal must be filed within 60 days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a)(1)(B).

Whether Robinson's May 21st notice of appeal was timely with respect to the court's February 2nd order denying mandamus relief thus turns on the question of whether the court needed to set out its judgment in a separate document. Because the court did not in fact set out its order in a separate document, and because none of the exceptions in Rule 58(a) apply, we assume for purposes of this appeal that Robinson had 150 days from entry of the court's February 2nd order to file his notice of appeal. See Fed. R. App. P. 4(a)(7)(A)(ii). Because he mailed that notice on May 21, 2010, well within the 150 day period, we conclude that his notice was timely with respect to both the court's original order denying mandamus relief and its order denying his motion for reconsideration. We now turn to the merits.

III.

4

We may review the government's failure to file a Rule 35(b) motion only if there is a substantial showing that the refusal was based on an unconstitutional motive. United States v. McNeese, 547 F.3d 1307, 1308 (11th Cir. 2008). Whether the government breached a plea agreement is reviewed de novo. United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998). A district court's decision not to hold an evidentiary hearing is reviewed only for an abuse of discretion. See United States v. Winfield, 960 F.2d 970, 972 (11th Cir. 1992) (holding that the district court did not abuse its discretion in denying a Rule 35 motion without conducting an evidentiary hearing). Likewise, denial of a motion for reconsideration is reviewed only for abuse of discretion. Corwin v. Walt Disney Co., 475 F.3d 1239, 1254 (11th Cir. 2007).

The Supreme Court has held that Rule 35(b) gives the government "a power, not a duty, to file a motion when a defendant has substantially assisted." Wade v. United States, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843 (1992) (considering motions filed under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1). The Supreme Court also made clear in Wade that the government's discretion is such that federal district courts may review the government's refusal to file a substantial assistance motion only if the defendant first makes a "substantial threshold showing" that the refusal was based upon an unconstitutional motive, such as the

5

defendant's race or religion. Id. at 185–86, 112 S.Ct. at 1843–44. We have held that arguments that the government had motivations beyond the defendant's failure to provide substantial assistance do not satisfy the Supreme Court's unconstitutional-motive standard for review. See United States v. Nealy, 232 F.3d 825, 831 (11th Cir. 2000).

In United States v. Forney, 9 F.3d 1492 (11th Cir. 1993), we also noted, with respect to an argument regarding an alleged breach of a plea agreement, that where the government promised "to consider" filing a substantial-assistance motion, and where there was no evidence that the government did not consider the defendant's assistance, there was no basis for finding that the agreement had been breached. Id. at 1498, 1500 n.2. The government was required only to consider the defendant's substantial assistance, and, absent a showing that it did not consider it, there was no breach. Id.

Robinson has not alleged any unconstitutional motives for why the government did not file a substantial assistance motion. Further, there is no evidence that the government failed to consider Robinson's assistance and whether it should file a Rule 35 motion on that basis. As a result, the district court did not err in denying Robinson's motion to compel specific performance or abuse its discretion by failing to hold an evidentiary hearing and denying Robinson's

motion for reconsideration.

**AFFIRMED.**