[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11931
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:06-cr-00481-JDW-TGW-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBIS OSUEL SOLIS-CACERES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 22, 2011)

Before HULL, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Federal prisoner Robis Solis-Caceres appeals the denial of his post-

judgment motion to compel the Government to file a motion for reduction of

sentence pursuant to Federal Rule of Criminal Procedure 35(b).  Solis-Caceres contends the district court abused its discretion both by denying his motion to compel and by failing to conduct an evidentiary hearing on his claims.  He asserts the Government's refusal to file a Rule 35(b) motion on his behalf violated his equal protection rights because it has filed Rule 35(b) motions in similar circumstances for others.  After review, we affirm the district court.

After sentencing, a court may reduce a defendant's sentence where the government moves for such a reduction based on the defendant's substantial assistance in investigating or prosecuting another person.  Fed. R. Crim. P. 35(b).  Generally, the government has the power, but not the duty, to file such a motion. *Wade v. United States*, 504 U.S. 181, 185 (1992) (analyzing substantial assistance motions under § 5K1.1 and 18 U.S.C. § 3553(e)); *see also United States v. McNeese*, 547 F.3d 1307, 1309 (11th Cir. 2008) (applying *Wade* to Rule 35(b) motions).

Where the filing of a Rule 35(b) motion is discretionary, "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." *Wade*, 504 U.S. at 185-86.  "[J]udicial review is appropriate only when there is an allegation *and* a substantial showing that the

prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009) (emphasis in original) (quotations omitted). A defendant is not entitled to an evidentiary hearing simply because he "claims to have provided substantial assistance or . . . makes only generalized allegations of an improper motive." *Id.*

The Government did not promise to file a Rule 35(b) motion. The plea agreement stated the Government would "consider" filing a motion and that the power to make such a determination "rests solely with the United States Attorney for the Middle District of Florida." At Solis-Caceres's plea colloquy, the magistrate judge expressly stated that "all that the Government is agreeing to do is consider filing the motion," and "[t]hey're not promising that they will file the motion." Solis-Caceres stated that he understood. Because the Government's filing of a Rule 35(b) motion was discretionary, the district court could review the Government's refusal to file only if Solis-Caceres alleged an unconstitutional motive for the refusal.

Construing his arguments liberally, Solis-Caceres claims his equal protection rights were violated because some prisoners received Rule 35(b) motions, but he was denied such a motion because the Government was vindictive,

and sought to punish him for filing his requests for medical examinations and § 2255 motion to vacate. However, *Wade*'s examples of unconstitutional motives concern protected characteristics and Solis-Caceres has not shown the Government's alleged retaliatory motive stems from a similarly arbitrary classification. *See Wade*, 504 U.S. at 185-86 (stating unconstitutional motives would include a failure to file because of defendant's race or religion). Even if, assuming *arguendo*, Solis-Caceres has presented an unconstitutional motive sufficient to support review, he has put forth no evidence the Government actually possessed or acted under this vindictive motive. As such, he has failed to provide a "substantial showing," precluding the district court from reviewing the Government's decision not to file a Rule 35(b) motion. *See Dorsey*, 554 F.3d at 961. As such, the district court did not err in denying the motion to compel.

Furthermore, the district court did not abuse its discretion in declining to conduct evidentiary hearings. *See United States v. Winfield*, 960 F.2d 970, 972 (11th Cir. 1992) (reviewing a district court's decision not to hold an evidentiary hearing for abuse of discretion). There was no substantial showing of an unconstitutional motive, and thus Solis-Caceres was not entitled to an evidentiary hearing. *See Dorsey*, 554 F.3d at 961. Therefore, we affirm the district court.

**AFFIRMED.**