[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10848
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cr-14029-JEM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JON SCOTT MERRITT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 27, 2017)

Before ED CARNES, Chief Judge, JULIE CARNES, and JILL PRYOR, Circuit
Judges.

PER CURIAM:

After pleading guilty to federal crimes and having been sentenced to 120 months imprisonment, Jon Merritt filed a motion to compel the government to file a Federal Rule of Criminal Procedure 35(b) motion for sentence reduction based on his substantial assistance to the government. The district court denied that motion. Merritt then filed a second motion to compel the government to file a Rule 35(b) motion as well as a motion for an evidentiary hearing on that motion to compel. The district court denied both of those motions. Merritt now appeals the denial of his motion for an evidentiary hearing.

We review for abuse of discretion a district's court denial of an evidentiary hearing on a defendant's motion to compel a Rule 35(b) substantial assistance motion. See United States v. Winfield, 960 F.2d 970, 972 (11th Cir. 1992) (holding that the district court did not abuse its discretion in denying a defendant's Rule 35(b) motion without conducting an evidentiary hearing).

Under Rule 35(b), "[u]pon the government's motion," the district court may reduce a defendant's sentence if the defendant provided substantial assistance in investigating or prosecuting another defendant. Fed. R. Crim. P. 35(b). When the defendant has provided substantial assistance, the government has the power, but not the duty, to file a substantial assistance motion. See Wade v. United States, 504 U.S. 181, 185, 112 S. Ct. 1840, 1843 (1992) (addressing the government's failure to file a substantial assistance motion in the U.S.S.G. § 5K1.1 context);

2

United States v. McNeese, 547 F.3d 1307, 1308–09 (11th Cir. 2008) (applying Wade in the Rule 35(b) context).  Federal courts may review the government's refusal to file a substantial assistance motion only if the defendant makes a "substantial threshold showing" that the refusal was based on an unconstitutional motive, such as race or religion.  Wade, 504 U.S. at 185–86, 112 S. Ct. at 1843–44. However, "[a] defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or to even an evidentiary hearing."  United States v. Dorsey, 554 F.3d 958, 961 (11th Cir. 2009).

In Merritt's second motion to compel the government to file a motion for sentence reduction, he contended that the government was refusing to file a Rule 35(b) motion based on an improper motive:  as punishment for filing his first motion to compel.  He now contends that because he can prove that he provided substantial assistance, the government had no legitimate reason not to file the Rule 35(b) motion.  He concludes that its failure to do so must have been retaliation based on his earlier motion to compel.

Merritt's argument fails because "although a showing of assistance is a necessary condition for relief [in the form of an evidentiary hearing], it is not a sufficient one."  Wade, 504 U.S. at 187, 112 S. Ct. at 1844.  Even if Merritt provided substantial assistance to the government, his generalized allegation that

the government was retaliating against him for exercising his due process rights (through his filing the first motion to compel) is not enough to meet the threshold showing of an unconstitutional motive.  See Dorsey, 554 F.3d at 961.  As a result, the district court did not abuse its discretion in denying Merritt's motion for an evidentiary hearing.

**AFFIRMED.**