[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 3, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10093
Non-Argument Calendar
_____

D. C. Docket No. 95-00022-CR-T-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT MCNEESE,
a.k.a. Bobby,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 3, 2008)

Before BIRCH, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Robert McNeese appeals the district court's grant of the government's motion to reduce McNeese's sentence as to a specific count of his multi-count judgment, pursuant to Fed.R.Crim.P. 35(b). McNeese argues that the government did not have the authority to limit the Rule 35(b) motion to one count and the district court retained authority to reduce the sentence as to both counts of conviction. For the reasons set forth below, we affirm.

## I.

A federal grand jury returned a four-count indictment naming three codefendants and charging McNeese with (1) conspiracy to import heroin, in violation of 21 U.S.C. § 963 ("Count 1"); and (2) importing heroin, in violation of 21 U.S.C. § 952 ("Count 3"). A jury found McNeese guilty of both charges. The district court sentenced McNeese to life imprisonment as to Count 1 and 240 months' imprisonment as to Count 3, with these terms to run concurrently.

The government submitted a "Motion for Reduction in Sentence as to Count One of the Judgment," pursuant to Rule 35(b). The government explained that McNeese had rendered substantial assistance to authorities in the Northern District of Iowa. The government recommended that the district court reduce McNeese's life sentence as to Count 1 to 240 months' imprisonment.

At a hearing on the government's Rule 35(b) motion, the district court noted

that the government had limited its motion to Count 1. McNeese argued that specifying the term to which its Rule 35(b) motion should apply was beyond the scope of the government's discretion. McNeese likewise argued that the district court retained authority to reduce the terms of imprisonment imposed for both Counts 1 and 3, as "once the Rule 35[(b)] motion is made[,] the door is open for the Court to impose whatever sentence it wants in connection with that particular case." The government responded that, because the discretion to file a Rule 35(b) motion rested with the government, "[it could] make the motion as [it saw] fit." The government also responded that it had found no case law to the contrary. The government explained that it directed the motion to a specific count because "[it felt] that the defendant's cooperation deserve[d] something less than a life sentence," but "[didn't] feel it deserve[d] something less than a 20 year sentence." The district court asked the parties to brief the matter.

In its memorandum, the government argued that the district court's discretion to reduce the defendant's sentence for his provision of substantial assistance arose only upon motion by the government and that the government's decision not to file such a motion was reviewable only when based on unconstitutional motives not at issue here. In his memorandum, McNeese acknowledged that it appeared that we had yet to consider whether the government

3

could specify to which term its Rule 35(b) should apply. McNeese argued, however, that the government's motivation, namely controlling McNeese's ultimate sentence, was improper.

The district court granted the government's Rule 35(b) motion in part, reducing the sentence for Count 1 to 120 months' imprisonment, but rejected McNeese's argument that the motion applied to both terms of imprisonment. To the latter end, the district court reasoned that the government had the authority to select the sentence to which its motion should apply.

## II.

Pursuant to Rule 35(b), "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed.R.Crim.P. 35(b)(1). The Supreme Court has held that this statute gives the government "a power, not a duty, to file a motion when a defendant has substantially assisted." Wade v. United States, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992) (considering motions filed pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1). Indeed, the Supreme Court held that the government's discretion is such that federal district courts may review the government's refusal to file a substantial-assistance motion only if the defendant

4

first makes a "substantial threshold showing" that the refusal was based upon an unconstitutional motive, such as the defendant's race or religion. Id. at 185-86, 112 S.Ct. at 1843-44. We have held that arguments that the government had motivations beyond the defendant's provision of substantial assistance do not satisfy the Supreme Court's unconstitutional-motive standard for review. See United States v. Nealy, 232 F.3d 825, 831 (11th Cir. 2000).[1] Specifically, a defendant argued that the government could not refuse to file a substantial-assistance motion for "reasons other than the nature of [defendant's] substantial assistance." Id. We held that this contention was not supported by the Supreme Court's aforementioned ruling and "[was] contrary to the broad grant of prosecutorial discretion recognized by this [C]ourt." Id.

### III.

The government did not overstep its discretion by specifying the term to which its Rule 35(b) motion should apply, and the district court did not err in acting in accordance with this specification. The Supreme Court and this Court long have recognized that the government discretion to seek a substantial-

---

[1] McNeese offers United States v. Chavarria-Herrara, 15 F.3d 1033 (11th Cir. 1994), for the contrary holding that the government cannot consider anything other than the defendant's provision of substantial assistance. In that case, however, we considered an argument that the district court considered other factors in determining the extent of the reduction, rather than that the government considered other factors in determining whether to request the reduction, and held that this was error. Id. at 1037. McNeese has not challenged the district court's motivations. Accordingly, this case is inapplicable.

assistance reduction is vast.  See Wade, 504 U.S. at 185, 112 S.Ct. at 1843.  There

is no reason to believe that this discretion should not extend to deciding to which

term the Rule 35(b) should be applied.

To the extent that the instant issue is whether the government erred in

declining to file a Rule 35(b) motion with regard to Count 3 also, we lack

jurisdiction to review that choice because McNeese has not shown that the

government had unconstitutional motives.  See id. at 185-86, 112 S.Ct. at 1843-44.

The government's desire to retain some control over McNeese's sentence is not of

the same ilk as those unconstitutional motives described by the Supreme Court,

namely the defendant's race or religion.  See id.  Also, we specifically have

rejected the contention that all reasons beside the defendant's provision of

substantial assistance are unconstitutional.  See Nealy, 232 F.3d at 831.

Accordingly, because the government had the discretion to direct the Rule 35(b)

motion to a specific count and did not have unconstitutional motives in doing so,

we affirm.

**AFFIRMED.**