[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15195
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 9, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 99-00358-CR-T-24TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PANTALEON ACEVEDO,
a.k.a. Manuel Castellano,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 9, 2009)

Before BIRCH, HULL and FAY, Circuit Judges.

PER CURIAM:

Pantaleon Acevedo, a federal prisoner appearing pro se, appeals the district court's denial of his pro se motion to compel the government to file a sentencing reduction under Fed.R.Crim.P. 35(b).  For the reasons set forth below, we affirm.

**I.**

In 1999, a federal grand jury returned an indictment against Acevedo and other individuals, charging them with conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1).  In 2000, a jury found Acevedo guilty of the lone charge in the indictment, and the district court sentenced him to 235 months' imprisonment.  We affirmed Acevedo's conviction and sentence on direct appeal.

In 2008, Acevedo filed the instant pro se motion to compel the government to file a motion for a reduced sentence pursuant to Rule 35(b).  Acevedo asserted that, in 2003, he contacted the Federal Bureau of Investigation ("FBI") and informed it that he had information about an unsolved double-homicide.  He stated that two of the investigating agents working on the case, as well as the New York prosecutor, Assistant U.S. Attorney Helen Cantwell, visited Acevedo in prison and told him that they were interested in the information he had.  Acevedo alleged that Cantwell made him the following promise: "[I]f the information you provide is completely truthful and it leads to the arrest and prosecution of the individual or

2

individuals involved, I promise you that you will receive credit and your sentence will be reduced." Based on that assurance, Acevedo asserted that he provided the names of the perpetrators involved and that they later pled guilty. Because the government had not yet filed a motion to reduce Acevedo's sentence, he moved the court to compel the government to file such a motion, or, alternatively, to hold a hearing on Acevedo's motion to compel.

The government responded that it had contacted Cantwell and, although she acknowledged meeting with Acevedo, she denied making any promises to him or that he had provided any helpful information. Accordingly, the government argued that Acevedo's motion should be denied.

The following day, and apparently crediting the government's response, the court denied Acevedo's motion:

> In their response the Government states that based on Defendant's motion, they contacted AUSA Helen Cantwell of the Southern District of New York regarding Defendant's cooperation. AUSA Cantwell advised that Defendant provided no helpful information and that no promises were made him.

> Accordingly Defendant's motion is DENIED.

## II.

We review de novo the question of whether the government can be compelled to file a substantial assistance motion. See United States v. Forney, 9

3

F.3d 1492, 1498 (11th Cir. 1993). However, a district court's factual credibility determinations warrant deference. United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002).

Rule 35(b) allows the government to file a motion to reduce a defendant's sentence when the defendant provides substantial assistance in investigating or prosecuting another person. See Fed.R.Crim.P. 35(b). Rule 35(b) is the post-sentencing analogue to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, which authorize the sentencing court, upon a motion by the government, to impose a sentence below the statutory minimum. See United States v. Alvarez, 115 F.3d 839, 842 (11th Cir. 1997) ("U.S.S.G. § 5K1.1 and Rule 35(b) work in tandem to give the Government two opportunities to reward a defendant's substantial assistance in the investigation or prosecution of others. Section 5K1.1 addresses cooperation before sentencing while Rule 35(b) addresses cooperation after sentencing.").

In Wade v. United States, the Supreme Court stated that § 3553(e) and § 5K1.1 gave "the Government a power, not a duty, to file a motion when a defendant has substantially assisted." 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992). Despite this discretion, the Court held that:

> federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they

4

find that the refusal was based on an unconstitutional motive. Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion, say, because of the defendant's race or religion.

It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive. Indeed, Wade concedes that a defendant has no right to discovery or an evidentiary hearing unless he makes a "substantial threshold showing."

Wade has failed to make one. He has never alleged, much less claimed to have evidence tending to show, that the Government refused to file a motion for suspect reasons such as his race or his religion.

Id. at 185-86, 112 S.Ct. at 1843-44 (internal citations omitted).

We have recently applied the above holding in Wade to the government's refusal to file a Rule 35(b) motion. United States v. McNeese, 547 F.3d 1307, 1308-09 (11th Cir. 2008). In McNeese, we, inter alia, declined to review whether the government erred in refusing to file a Rule 35(b) motion with respect to one of the defendant's terms of imprisonment because the defendant did "not show that the government had unconstitutional motives." Id. at 1309.

### III.

In this case, Acevedo merely alleged in his motion to compel that he had provided substantial assistance to the government; nowhere in the motion did he allege that the government refused to file a Rule 35(b) motion on account of an

5

unconstitutional motive.[1]  Thus, regardless of whether Acevedo provided

substantial assistance, his failure to make a substantial threshold showing on this

latter point renders him ineligible for relief.  Wade, 504 U.S. at 186-87, 112 S.Ct.

at 1844.

Acevedo counters that the government entered into an oral agreement to file

a Rule 35(b) motion and, therefore, it was bound to fulfill its contractual obligation

under the Supreme Court's decision in Santobello v. New York, 404 U.S. 257, 92

S.Ct. 495, 30 L.Ed.2d 427 (1971).  However, Acevedo did not attach any

documentation to his motion to support the existence of such an agreement.[2]  See

Bischel v. United States, 32 F.3d 259, 264 (7th Cir. 1994) ("A mere allegation of

an 'understanding' or 'promise' without some documentation or statement in the

court record is insufficient to merit an evidentiary hearing much less a Rule 35

hearing.") (citing Wade, 504 U.S. at 186, 112 S.Ct. at 1844).  Furthermore, the

government informed the district court that it had spoken to Cantwell, who denied

the existence of any such agreement, and, in light of Acevedo's failure to provide

---

[1] Acevedo attempts to make such a showing for the first time in his reply brief, but we do not address arguments raised for the first time in reply.  United States v. Magluta, 418 F.3d 1166, 1185-86 (11th Cir. 2005).  In any event, Acevedo's allegations do not amount to a "substantial threshold showing" under Wade.

[2] Acevedo attempted to attach such documentation to his appellate brief, but he does not explain why he did not attach this documentation to his motion to compel.  In any event, we may not consider Acevedo's attachments because he did not seek leave to supplement the record on appeal.  Jones v. White, 992 F.2d 1548, 1566-67 (11th Cir. 1993).

any evidence to the contrary, the district court was free to credit this denial.

In sum, Acevedo was not entitled to relief on his motion because he failed to show that the government's refusal to file a Rule 35(b) motion was based on an unconstitutional motive. Accordingly, we affirm.

**AFFIRMED.**