[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2011
JOHN LEY
CLERK

No. 11-10087
Non-Argument Calendar
_____

D.C. Docket No. 9:08-cr-80063-KAM-4

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUAN RAMON QUINONES,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 20, 2011)

Before TJOFLAT, CARNES and BLACK, Circuit Judges.

PER CURIAM:

Juan Ramon Quinones appeals from the district court's denial of his motion to compel the Government to file a substantial assistance motion pursuant to Federal Rule of Criminal Procedure 35(b). He asserts he is entitled to relief because this Court's precedent regarding discretionary Rule 35(b) motions does not limit unconstitutional motives to race and religion, and his invocation of his Sixth Amendment rights in support of his motion to compel met the threshold standard for court review.

Federal prosecutors are given vast discretion whether to file a substantial assistance motion, and a prosecutor's decision is subject to review only where the defendant can make a threshold "substantial showing" before the district court that the decision not to file the motion was motivated by an unconstitutional concern, *e.g.*, the defendant's race or religion. *United States v. McNeese*, 547 F.3d 1307, 1308 (11th Cir. 2008). "We have held that arguments that the government had motivations beyond the defendant's provision of substantial assistance do not satisfy the Supreme Court's unconstitutional-motive standard for review." *Id.*; *see also United States v. Forney*, 9 F.3d 1492, 1502-03 n.5 (11th Cir. 1998) (generally a district court need not consider claim the government acted in "bad faith" in refusing to file substantial assistance motion). We have not defined the parameters of constitutional motives subject to this inquiry, but have expressed a

2

view that review is limited to matters involving "race, religion or other arbitrary classification." *Forney*, 9 F.3d at 1501 n.4.

The district court did not err in finding Quinones failed to make a substantial showing the Government refused to file a Rule 35(b) motion based upon an unconstitutional motive. In support of his motion to compel, Quinones offered nothing beyond a blanket—and counter-intuitive—claim the Government was retaliating against him because he opted to waive his right to be represented by counsel when testifying for the Government in the case against Juan Carlos Cruz. It simply does not follow that the Government would somehow negatively view Quinones's decision not to have counsel in furtherance of his testimony in the Cruz case, as Quinones's actions in this regard likely helped the Government. We agree with the district court's conclusion that Quinones was simply manufacturing a constitutional "hook" to avoid the application of this Court's precedent regarding review of substantial assistance disputes. Thus, we affirm the district court's denial of Quinones's motion to compel under Rule 35(b).

**AFFIRMED.**