[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2011
JOHN LEY
CLERK

No. 10-15547
Non-Argument Calendar

_____

D.C. Docket No. 0:07-cr-60210-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ORLANDO PARRA-MERCADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 20, 2011)

Before BARKETT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Orlando Parra-Mercado, a federal prisoner convicted of a drug trafficking

offense, appeals from the district court's denial of his motion for specific

performance of his plea agreement.  In his motion, Parra-Mercado requested the court to compel the government to file a motion for a sentencing reduction based on his substantial assistance, pursuant to Fed. R. Crim. P. 35(b), even though the government retained the "sole and unreviewable" discretion whether to do so under the plea agreement.

We review de novo whether the district court can compel the government to file a substantial assistance motion.  See United States v. Forney, 9 F.3d 1492, 1498 (11th Cir. 1993).  Generally, the government has the power, but not the duty, to file a motion to reduce sentence when a defendant has provided substantial assistance to the government.  Wade v. United States, 504 U.S. 181, 185 (1992); United States v. McNeese, 547 F.3d 1307, 1309 (11th Cir. 2008).  The government's refusal to file a Rule 35(b) motion can be reviewed by the district court, and the district court can grant relief, only if it finds that the government's refusal was based on an unconstitutional motive, such as race or religion.  Wade, 504 U.S. at 185-86.

In this case, Parra-Mercado did not allege that the government's failure to file a Rule 35(b) motion was based on his race or religion.  Rather, he alleged that the government failed to do so in order to pressure his brother to testify in an unrelated case, which he asserts is a constitutionally-impermissible motive.  Even

2

assuming arguendo that such a motive is reviewable under Wade, Parra-Mercado did no more than speculate in his motion that the government "may" have possessed such a motive. Thus, he has failed to make the requisite "substantial showing" in this regard. Forney, 9 F.3d at 1502. Accordingly, the district court did not abuse its discretion by denying Parra-Mercado an evidentiary hearing, and we affirm.

**AFFIRMED.**