[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 9, 2012
JOHN LEY
CLERK

_____

No. 11-14760
Non-Argument Calendar
_____

D.C. Docket No. 8:03-cr-00228-RAL-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARD BELL,
a.k.a. St. Pete Red,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 9, 2012)

Before HULL, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Leonard Bell, a federal prisoner, pro se appeals the district court's denial of his post-judgment "motion to enforce specific performance of the plea agreement where the government breached." After review, we affirm.

## I. BACKGROUND

### A. Plea Agreement

In June 2004, pursuant to a written plea agreement, Bell pled guilty to one count of possession with intent to distribute and distribution of five grams or more of a substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1). In the plea agreement, Bell agreed to cooperate fully with the government. In turn, the government agreed that, depending upon when Bell completed his cooperation, it would "consider whether" Bell's cooperation qualified as substantial assistance warranting the filing of either a U.S.S.G. § 5K1.1 motion or Rule 35(b) motion. The plea agreement further provided that "[i]n any case, the defendant understands that the determination as to whether 'substantial assistance' has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida," and that Bell agreed he "cannot and will not challenge that determination, whether by appeal, collateral attack or otherwise." The plea

2

agreement also stated that "[t]he government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime."

## B.    2004 Sentencing Hearing

At the start of the August 2004 sentencing hearing, the district court noted that it had denied Bell's motion to continue sentencing.  The district court then asked "what is it that [Bell's] doing."  Defense counsel responded that an active investigation was ongoing based on information Bell provided and that the case agent was present.  The case agent agreed with defense counsel that Bell was needed for the investigation and that Bell had "provided historical information."  The parties agreed that they had been hoping for a U.S.S.G. § 5K1.1 motion.  However, defense counsel stated that Bell was no longer seeking a continuance, and Bell "expect[ed] he will be back on a Rule 35."

The district court found that the applicable guidelines range was 188 to 235 months.  Bell argued that, although his cooperation "has not risen to the level at this point to receive a downward departure from the Government," the district court should consider Bell's cooperation and impose a sentence at the low end of the range.  The government did not object to a low-end sentence.  The court

sentenced Bell to 188 months' imprisonment and noted that it would carefully consider any Rule 35 motion the government filed. Bell did not file a direct appeal of his sentence or a motion under 28 U.S.C. § 2255.

## C.     2011 <u>Pro Se</u> Motion

In 2011, Bell filed the instant <u>pro se</u> motion asking the district court to enforce the plea agreement and compel the government to file a Rule 35(b) motion. Bell's motion claimed that the government had breached the plea agreement by "failing to make known to the court the Nature and Extent of defendant[']s Cooperation" through either a U.S.S.G. § 5K1.1 motion at sentencing or a post-sentencing Rule 35(b) motion to reduce Bell's sentence. Bell's motion cited several instances of his pre- and post-sentencing cooperation and contended that the government's refusal to file a substantial assistance motion was in bad faith and not rationally related to a legitimate government end.

The district court denied Bell's motion. The court found that Bell "wholly failed to demonstrate that the Government's decision not to file a motion for reduction of sentence was based on an unconstitutional motive." The court denied Bell's subsequent motion for reconsideration. Bell filed this appeal.[1]

---

[1]Bell's <u>pro se</u> notice of appeal states that he is appealing the district court's order denying his motion for reconsideration. However, it is clear from Bell's argument on appeal that his overriding intent is to appeal the denial of his underlying <u>pro se</u> motion to enforce the plea agreement. <u>See</u> <u>KH Outdoor, LLC v. City of Trussville</u>, 465 F.3d 1256, 1260 (11th Cir. 2006).

## II. DISCUSSION

Under Rule 35(b), after a sentence has been imposed, the district court may reduce a defendant's sentence upon the government's motion based on the defendant's substantial assistance. Fed. R. Crim. P. 35(b). The government has the power, but not the duty, to file a substantial assistance motion. Wade v. United States, 504 U.S. 181, 185, 112 S. Ct. 1840, 1843 (1992) (involving substantial assistance motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e)); United States v. McNeese, 547 F.3d 1307, 1309 (11th Cir. 2008) (applying Wade to Rule 35(b) motions).

Where, as here, a plea agreement states that the government will "consider" whether to the defendant's cooperation qualifies as substantial assistance and that this determination is in the government's sole discretion, the government does not breach the agreement by failing to file a substantial assistance motion. See United States v. Forney, 9 F.3d 1492, 1499-1500 (11th Cir. 1993). Under such circumstances, "judicial review is appropriate only when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion." Wade, 504 U.S. at 185-86, 112 S. Ct. at 1843-44; Forney, 9 F.3d at 1052. A defendant who claims only that he provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a

5

remedy or even an evidentiary hearing. Wade 504 U.S. at 186, 112 S. Ct. at 1844; Forney, 9 F.3d at 1052 n.5. Therefore, when the plea agreement leaves to the prosecutor's sole discretion whether to file a substantial assistance motion, we will not review a defendant's claim that the prosecutor refused in bad faith to file such a motion. Forney, 9 F.3d at 1502 & n.5.[2]

Here, the government did not agree to file a Rule 35(b) motion and did not breach the plea agreement by failing to do so. Rather, the government agreed to "consider" whether Bell's cooperation constituted substantial assistance warranting the filing of a Rule 35(b) motion. Moreover, Bell's motion does not allege, much less show, a constitutionally impermissible motive for the government's refusal to file a Rule 35(b) motion. Instead, Bell's motion alleges only that Bell cooperated before and after sentencing and that the government refused in bad faith to file a Rule 35(b) motion. Because Bell's motion does not meet the threshold standard for judicial review, the district court lacked the authority to compel the government to file a Rule 35(b) motion.

Bell tries to circumvent our precedent by alleging that the breach he wants remedied is the government's refusal to "make known" to the district court "the

---

[2]We review de novo the district court's authority to compel the government to file a substantial assistance motion. See United States v. Forney, 9 F.3d 1492, 1498-99 (11th Cir. 1993) (applying de novo review to district court's refusal to depart downward in the absence of a U.S.S.G. § 5K1.1 motion by the government).

6

nature and extent of" his cooperation. At sentencing, however, the parties agreed that Bell's cooperation did not yet warrant a substantial assistance motion under U.S.S.G. § 5K1.1. Bell's case agent was present and indicated to the sentencing court that Bell had provided "historical information" but was still needed in an investigation. Bell did not ask the case agent to elaborate on the nature and extent of his cooperation. Bell also did not object that the case agent's statement was insufficient to inform the sentencing court of his cooperation. In fact, Bell successfully argued that based on his cooperation he should receive the low end of the applicable guidelines range. Under the circumstances, we see no breach by the government of its duty to inform the sentencing court of Bell's cooperation.

What Bell essentially is arguing is that the government's duty under the plea agreement to inform the district court of Bell's cooperation required the government to file a Rule 35(b) motion. This interpretation of the plea agreement would render meaningless the government's right under the plea agreement to determine, in its sole discretion, whether Bell's cooperation constituted substantial assistance warranting a Rule 35(b) motion. Reading the plea agreement as a whole, the government's filing of a substantial assistance motion under either U.S.S.G. § 5K1.1 or Rule 35(b) triggers the government's duty to inform the district court of the nature and extent of Bell's cooperation and not vice versa.

Alternatively, even liberally construing Bell's pro se motion as a petition for

7

a writ of mandamus filed pursuant to 28 U.S.C. § 1361, we conclude that the district court's ruling was not an abuse of discretion.[3] Given the wording of the plea agreement, Bell could not demonstrate that he had a clear right to, and that the government had a clear, nondiscretionary duty to file, a substantial assistance motion. See Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003) (explaining that a writ of mandamus is appropriate only when (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no adequate remedy is available").

As to the government's alleged failure to inform the sentencing court of Bell's cooperation, Bell did not show that he had "exhausted all other avenues of relief." See Cash, 327 F.3d at 1258. At sentencing, Bell agreed that his cooperation did not yet merit a § 5K1.1 substantial assistance motion, Bell did not object to the case agent's description of Bell's cooperation, and Bell did not raise this breach issue on direct appeal or in a subsequent § 2255 motion. After sentencing, as discussed above, the government does not have an obligation to inform the district court of Bell's cooperation until it has filed a Rule 35(b) motion.

For these reasons, the district court did not err in denying Bell's pro se

---

[3]We review a district court's denial of a petition for a writ of mandamus for an abuse of discretion. Kerr v. U.S. Dist. Ct. for the N. Dist. Of Cal., 426 U.S. 394, 403, 96 S. Ct. 2119, 2124 (1976).

motion, whether it is construed as a post-judgment motion under <u>Wade</u> or as a petition for a writ of mandamus.

**AFFIRMED.**