[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14653
Non-Argument Calendar
_____

D.C. Docket No. 0:05-cr-60078-KAM-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT DOUYON,
a.k.a. Kojak,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 31, 2014)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

On December 15, 2006, Robert Douyon, pursuant to a plea agreement, pled guilty to two counts of an 18-count indictment: Count 13, attempt to import at least 5 kilograms of cocaine, in violation of 21 U.S.C. § 963, and Count 14, attempt to possess with intent to distribute at least 5 kilograms of cocaine, in violation of 21 U.S.C. § 846.  On August 24, 2007, the District Court sentenced Douyon to concurrent prison terms of 87 months.

On November 29, 2007, Douyon was convicted in the Eastern District of New York of conspiracy to import cocaine and sentenced to prison for 36 months, with the proviso that the sentence run concurrently with the August 24, 2007, sentences.

On June 12, 2012, Douyon, proceeding *pro se*, moved the District Court below to compel the Government to move the court, pursuant to Federal Rule of Criminal Procedure 35(b), for a reduction of his 87 months' sentences on the ground that the Government had failed to compensate him for his "cooperation." The District Court denied his motion on June 21, 2012.  Douyon moved the court for reconsideration on July 18, 2012, based on new evidence; he asked the court to allow limited  discovery and thereafter to hold an evidentiary hearing.  The District Court denied his motion on July 31, 2012.  Douyon filed an untimely notice of

2

appeal on August 29, 2012.  On the Government's motion, we remanded the case for a determination of excusable neglect regarding Douyon's late filing of the notice of appeal from the July 31, 2012, order.  The District Court found that Douyon merited an extension so he could appeal the July 31, 2012, order, and we now have jurisdiction to consider that appeal.

Douyon argues on appeal that the Government is contractually bound under the plea agreement to file a Rule 35(b) motion in exchange for his substantial assistance to the Government.  Because he fulfilled his end of the bargain, he argues, the Government has a contractual obligation to act in good faith and file a Rule 35(b) motion.  Douyon contends that, even in the absence of a Rule 35(b) motion, the District Court had the power to reduce his sentence—because it was apprised of the fact of his cooperation—and that it should not have denied him the relief he seeks without according him an evidentiary hearing.

We review the denial of a motion for reconsideration for abuse of discretion. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004).  The District Court did not have the inherent power to modify Douyon's sentences.  What power it had is contained in Rule 35(a); "[w]ithin 14 days after sentencing, the court [could] correct a sentence that resulted from arithmetical, technical, or other clear error."  The Government, on the other hand, had the discretion under Rule 35(b) to move the court for a reduction of the sentences based on Douyon's substantial

3

assistance.[1]  The court could question the Government's failure to move under Rule 35(b) if Douyon made a substantial showing that the refusal was based on an unconstitutional motive.  *United States v. McNeese*, 547 F.3d 1307, 1308 (11th Cir. 2008).  An allegation of bad faith on the part of the Government in its failure to move under Rule 35(b) is insufficient.  *See United States v. Forney*, 9 F.3d 1492, 1500-1503 (11th Cir. 1993) (reviewing the government's failure to file a § 5K1.1 motion).

In his motion for reconsideration, Douyon did not make a substantial showing of an unconstitutional motive on the part of the Government.  His

---

[1] Rule 35(b), Reducing a Sentence for Substantial Assistance, states, in pertinent part:

(1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

(2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:

(A) information not known to the defendant until one year or more after sentencing;

(B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or

(C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

(3) Evaluating Substantial Assistance. In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.

allegations of bad faith on the part of the Government are insufficient to support his motion. *See Forney*, 9 F.3d at 1500-1503.   Thus, the District Court did not abuse its discretion in denying Douyon's motion for reconsideration.

AFFIRMED