[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12224
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cr-00043-CEM-DCI-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BLAYNE DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 26, 2018)

Before WILLIAM PRYOR, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Blayne Davis appeals the denial without a hearing of his post-judgment motion to compel the government to file a motion to reduce his sentence for substantial assistance under Rule 35(b), Fed. R. Crim. P.  On appeal, he argues that the government breached the plea agreement by refusing to file a Rule 35(b) motion and that its refusal was based on unconstitutional motives.  He seeks an evidentiary hearing to prove his allegations.  After careful review, we affirm.

## I.

Davis pled guilty in July 2014 to one count of conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. § 1349.  In his plea agreement, he agreed to fully and truthfully cooperate with the government.  The government, in exchange, agreed to the following:

> Should [Davis] comply with the terms of this plea agreement, including [the cooperation provisions], the [g]overnment in its sole discretion, as set forth below, may file a post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure in which it will bring to the Court's attention the nature and extent of [Davis's] cooperation or lack of cooperation.
>
> The [government] will evaluate the full nature and extent of [Davis's] cooperation to determine whether [he] has provided substantial assistance in the investigation or prosecution of another person who has committed an offense.  If the [government] determines that [Davis] has provided such substantial assistance, it will further determine whether [it] should file a post-sentence downward departure motion in this case pursuant to Rule 35(b) . . . and Section 5K1.1 of the Sentencing Guidelines . . . .  **The determination of whether [Davis] has provided substantial assistance warranting the filing of a motion pursuant to Rule 35(b) . . . and Section 5K1.1 . . . is within the sole discretion of the [government] and is not reviewable by the**

2

> **Court.**  In the event [Davis] should fail to perform specifically and fulfill completely each and every one of [his] obligations under this Agreement, the [g]overnment will be free from its obligations under this Agreement, and will have no obligation to [evaluate his cooperation for substantial assistance] or file a departure motion pursuant to Rule 35(b) . . . or Section 5K1.1 . . . .

In short, if Davis cooperated, the government agreed to evaluate his cooperation and to determine, in its "sole discretion," whether he provided substantial assistance warranting a departure motion.  It did not promise to file such a motion.

During the plea colloquy, Davis confirmed that he understood the plea agreement, entered into it freely and voluntarily, and did not plead guilty in reliance on any promises not contained within it.  Likewise, the plea agreement states that "[n]o agreements, promises, understandings, or representations have been made . . . other than those contained in writing herein," and that any changes to the agreement needed to be in writing and signed by both parties.  After the court accepted Davis's guilty plea, the parties discussed scheduling the sentencing hearing.  The government advised that it would "probably" submit a § 5K1.1 motion before sentencing based upon Davis's cooperation, and that it would "likely" file a Rule 35 motion if Davis cooperated in an upcoming trial.

Before sentencing, the government filed a § 5K1.1 motion asking for a two-level reduction—less than what Davis thought he deserved—based on Davis's cooperation in the investigation and prosecution of coconspirators Donovan Davis ("Donovan") and Damien Bromfield.  The district court granted the § 5K1.1 motion,

3

reduced the offense level by two levels, and then sentenced Davis to 108 months of imprisonment, at the low end of the guideline range.

Donovan went to trial in May 2015.  Before trial, the government filed a petition for writ of habeas corpus ad testificandum to have Davis transferred from Texas to Florida to testify.  Ultimately, however, the government decided not to call Davis as a witness.  Donovan was convicted and sentenced to 204 months.

In December 2016, Davis filed a *pro se* motion to "compel the Government's compliance with the plea agreement."  Davis complained that the government had refused to file a Rule 35(b) motion after Donovan's trial.  He explained that he met with prosecutors for several days in preparation for the trial based on an understanding that the government would file a Rule 35(b) motion if he continued to cooperate.  However, after the trial, the government notified him that it would not be filing a Rule 35(b) motion for two reasons:  (1) it believed he had not been honest in his statements about the "Saxo Bank," which conflicted with the statements of coconspirator Bromfield, who testified at Donovan's trial; and (2) his novels and other public writings had undermined his utility as a trial witness.  Davis asserted that neither reason supported the government's refusal to file a Rule 35(b) motion, and that the government had engaged in "unconscionable and inexcusable prosecutorial misconduct," receiving the benefit of his cooperation without upholding its end of the bargain.  Davis asked the court to "hold the Government to

4

the terms of the plea agreement," and he requested an evidentiary hearing to prove the government's breach.

The district court denied Davis's motion to compel. The court "[a]ssum[ed] for the sake of argument that [Davis] did indeed provide substantial assistance," but found no breach of the plain terms of the plea agreement, which placed the decision to file a substantial-assistance motion within the "sole discretion" of the government. This appeal followed.

## II.

We review *de novo* whether the government has breached a plea agreement. *United States v. Al-Arian*, 514 F.3d 1184, 1191 (11th Cir. 2008). We review the denial of an evidentiary hearing for abuse of discretion. *United States v. Brown*, 441 F.3d 1330, 1349–50 (11th Cir. 2006).

## III.

The government is bound by its material promises that induce a defendant to plead guilty. *United States v. Hunter*, 835 F.3d 1320, 1324 (11th Cir. 2016). When judging whether the government has violated a plea agreement, "[w]e apply an objective standard to decide whether the government's actions are inconsistent with the defendant's understanding of the plea agreement, rather than reading the agreement in a hyper-technical or rigidly literal manner." *Id.* (citation and quotation marks omitted). Where the language of the agreement is unambiguous, "we are

5

limited to the unambiguous meaning of the language in the agreement." *United States v. Copeland*, 381 F.3d 1101, 1106 (11th Cir. 2004).

Here, the district court correctly concluded that the government did not breach the plea agreement. While the plea agreement required the government to consider whether Davis's cooperation qualified as substantial assistance, the agreement unambiguously gave the government "sole discretion" to determine whether Davis had provided substantial assistance warranting the filing of a Rule 35(b) motion. Because the government did not promise to file a Rule 35(b) motion if Davis cooperated, it did not breach any promise by refusing to file such a motion.[1] Nor has Davis shown that the government failed to evaluate his assistance, "which is *all* that it promised to do." *United States v. Forney*, 9 F.3d 1492, 1499 n.2 (11th Cir. 1993) (emphasis in original). Accordingly, the government did not breach the plain terms of the plea agreement by declining to file a Rule 35(b) motion.

Davis cannot evade or alter those terms. Davis suggests that the government orally promised something more definite than simply evaluating his cooperation for

_____

[1] Additionally, the government did not breach a promise to inform the district court of Davis's post-sentencing cooperation because it only agreed to inform the court of his cooperation if it decided to file a Rule 35(b) motion. Since it decided not to file such a motion, it had no freestanding obligation to inform the court of Davis's post-sentencing cooperation, nor could the court have reduced his sentence in the absence of a Rule 35(b) motion even if it knew of his cooperation. *See United States v. Forney*, 9 F.3d 1492, 1501, 1503–04 (11th Cir. 1993) (stating that courts "do not evaluate the assistance rendered by a defendant offering cooperation as a term of his plea agreement unless and until the government makes a . . . motion for downward departure based on substantial assistance").

6

substantial assistance, but that is contradicted by his own statements at the plea hearing. Davis confirmed during the plea colloquy that he understood and agreed to the plea agreement, which contained an integration clause limiting it to the written terms only, and that he did not plead guilty in reliance on any promises not contained within it. Thus, any oral promises that might have been made up to that point could not reasonably have been understood to be part of the plea.

As for the government's post-plea statement that it would "likely" file a Rule 35(b) motion if Davis cooperated in Donovan's trial, we agree with the government that this statement was logically incapable of inducing Davis to plead guilty because it was made after the court had already accepted his guilty plea. Therefore, according to objective criteria, Davis cannot establish that any promises made by the government outside of the written plea agreement were reasonably understood by him to constitute part of the plea agreement, or that he relied on any such promises to plead guilty. *See Hunter*, 835 F.3d at 1324.

Because the plea agreement left to the government's sole discretion whether to file a substantial-assistance motion, we may review the government's refusal to file such a motion only if Davis meets the requirements established by the Supreme Court in *Wade v. United States*, 504 U.S. 181 (1992). *See Forney*, 9 F.3d at 1500 n.3 (holding that where, as here, the plea agreement leaves the determination of substantial assistance to the government's "sole discretion," judicial review of the

7

government's refusal to file a substantial-assistance motion is controlled by *Wade* and "not general contract principles"). According to *Wade*, federal courts may review the government's refusal to file a substantial-assistance motion only if the defendant makes a "substantial threshold showing" that the "refusal was based on an unconstitutional motive," such as race or religion, or that the "refusal to move was not rationally related to any legitimate Government end." *Wade*, 504 U.S. at 185–86.

Davis has not made the threshold showing required by *Wade*. Davis argues that he provided substantial assistance to the government after his sentencing in preparation for Donovan's trial. Yet he has not shown that the government's refusal to file a Rule 35(b) motion was based on an unconstitutional motive.

Davis first asserts that the government was motivated to deny him due process and access to the courts because it wanted to retain control over his sentence and preserve its conviction of Donovan. These are not "unconstitutional motives" under *Wade*, however. We have said that "the decision to decline filing a motion to depart does not violate due process." *United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000). And we have rejected the argument "that the government cannot refuse to file a substantial assistance motion for reasons other than the nature of [defendant's] substantial assistance." *Id.* (quotation marks omitted). Thus, "[t]he government's desire to retain some control over [a defendant's] sentence" is not an unconstitutional

8

motive under *Wade*. *United States v. McNeese*, 547 F.3d 1307, 1309 (11th Cir. 2008). Nor is the government's "rational assessment of the cost and benefit that would flow from moving." *Wade*, 504 U.S. at 187. Accordingly, Davis's due-process arguments are unavailing.

Davis next argues that the government's decision was "not rationally related to any legitimate Government end." *See id.* at 186. We disagree. By his own account, the government's reasons for declining to file a Rule 35(b) motion were rationally related to Davis's utility as a trial witness and, more broadly, to the government's prosecution efforts. Those reasons are consistent with the design of the substantial-assistance regime, which is "to benefit the government in its prosecution efforts," not simply "to reward a cooperative defendant." *See United States v. Orozco*, 160 F.3d 1309, 1316 (11th Cir. 1998) (quotation marks omitted). The government's pre-plea awareness of the information it later used to justify its refusal to file a Rule 35(b) motion does not make its refusal any less rationally related to a legitimate government end. Nor does this awareness make the government's promise illusory, as Davis contends, given that the government did, in fact, reward Davis for his cooperation at sentencing.

More generally, Davis claims that he fully and truthfully cooperated with the government and that the government reneged on its obligations due to improper motives. But "[a] defendant who merely claims to have provided substantial

9

assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or to even an evidentiary hearing." *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009); *see also Wade*, 504 U.S. at 186; *Forney*, 9 F.3d at 1501 n.4, 1502 n.5 (explaining that generalized allegations of bad faith are not sufficient under *Wade*). Because Davis has not made a substantial threshold showing of an unconstitutional motive, he is not entitled to an evidentiary hearing or a remedy.

For these reasons, the district court properly denied Davis's motion to compel the government to file a Rule 35(b) motion and did not abuse its discretion by declining to hold an evidentiary hearing.[2]

**AFFIRMED.**

---

[2] Davis's other attacks on the plea agreement do not appear to relate to the substantial-assistance issue or to his reasonable understanding of the government's obligations with regard to his cooperation, so we do not address them.