[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10588
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20248-JEM-1


UNITED STATES OF AMERICA,

                                                          Plaintiff-Appellee,

versus

WILLIAM OBREGON PAREDES,
a.k.a. Tio Bavario,

                                                          Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 26, 2019)

Before WILSON, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

William Obregon Paredes, proceeding pro se, appeals the district court's denial of his motion to compel the government to file a motion for sentence reduction under Federal Rule of Criminal Procedure 35(b).  He argues that he is entitled to such a motion based on the substantial assistance he provided after sentencing, and that the government's failure to file a Rule 35(b) motion is a breach of his plea agreement.

For context, Paredes pled guilty pursuant to a written plea agreement, which stated

> If in the sole and unreviewable judgment of [the government] the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from [the guideline range], [the government] may make a motion prior to sentencing pursuant to Section 5K1.1 . . . , or subsequent to sentencing pursuant to Rule 35 . . . informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced.  The defendant understands and agrees, however, that nothing in this agreement requires [the government] to file any such motions, and that [its] assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of [its] filing or non-filing of a motion to reduce sentence.

The presentence investigation report indicated that Paredes's guideline range was 135 to 168 months' imprisonment, the statutory minimum sentence was 10 years' imprisonment, and the statutory maximum was life imprisonment. However, because Paredes met the criteria of 18 U.S.C. § 3553(f)(1)–(5), the

2

district court could impose a sentence regardless of the statutory minimum.  At sentencing, the government moved for a sentence reduction under U.S.S.G. § 5K1.1, based on Paredes's substantial cooperation with the government prior to sentencing.  Specifically, the government recommended a sentence of 135 months' imprisonment, reduced by 40 percent to 81 months' imprisonment.  The district court granted the § 5K1.1 motion.  It imposed a downward variance to 120 months' imprisonment before applying the 40 percent reduction, resulting in a 72-month sentence.

Paredes then filed this motion to compel the government to file a Rule 35(b) motion, asserting that he had provided substantial assistance after sentencing and that the government breached the plea agreement by failing to file a Rule 35(b) motion.  The district court denied the motion.  Because Paredes has not shown that the government's refusal to file a Rule 35(b) motion was motivated by an unconstitutional motive or constituted a breach of the plea agreement, we affirm the district court.

I

We review de novo whether the district court may compel the government to file a substantial-assistance motion.  *See United States v. Forney*, 9 F.3d 1492, 1498 (11th Cir. 1993).  Additionally, we review de novo whether the government

has breached a plea agreement. *United States v. Copeland*, 381 F.3d 1101, 1104 (11th Cir. 2004).

Under § 5K1.1, a court may depart from the advisory guideline range at sentencing if the government files a motion "stating that the defendant has provided substantial assistance in the investigation or prosecution of another." U.S.S.G. § 5K1.1. Similarly, Rule 35(b) provides that a district court may reduce a defendant's sentence for providing substantial assistance after sentencing, if the government moves for such a reduction within one year of his sentence. Fed. R. Crim. P. 35(b)(1). "[T]he government has a power, not a duty, to file a motion when a defendant has substantially assisted." *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009) (internal quotation marks omitted).

The government's discretion to refuse to file a substantial-assistance motion is subject to judicial review in only two circumstances. First, it is reviewable if the refusal constitutes a breach of the plea agreement. *See United States v. Gonsalves*, 121 F.3d 1416, 1419 (11th Cir. 1997) (discussing motions under § 5K1.1). Second, its discretion is subject to review if it is based on an unconstitutional motive, such as the defendant's race or religion. *See Wade v. United States*, 504 U.S. 181, 185–86 (1992) (discussing motions under § 5K1.1); *United States v. McNeese*, 547 F.3d 1307, 1308 (11th Cir. 2008) (extending *Wade* to Rule 35(b) motions). We have previously concluded that the government's refusal to file a

4

substantial-assistance motion is not a breach of a plea agreement that merely provides that the government will "consider" filing such a motion. *See Forney*, 9 F.3d at 1499–1500 & n.2.

Here, the district court did not err in denying Paredes's motion. First, he did not allege or show that the government had an unconstitutional motivation for refusing to file a Rule 35(b) motion. *See Wade*, 504 U.S. at 185–86; *McNeese*, 547 F.3d at 1308. Furthermore, he did not show that the government breached the plea agreement, as the plain language of the agreement gave the government the discretion to determine whether to file a Rule 35(b) motion. *See Forney*, 9 F.3d at 1499–1500 & n.2. Accordingly, we affirm.

**AFFIRMED.**