**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10550
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

                                                *Plaintiff-Appellee,*

*versus*

THOMAS GUERRIERO,

                                                *Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:15-cr-60317-BB-1
_____

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Thomas Guerriero, proceeding *pro se*, appeals from the denial of his "Motion to Enforce Specific Performance of Plea Agreement and for Sentence Reduction," in which he argued that

the government's continued refusal to file a motion to reduce his sentence based on substantial assistance, pursuant to Federal Rule of Criminal Procedure 35(b),[1] violated the terms of his plea agreement. The district court denied the motion on the ground that Guerriero essentially sought reconsideration of the district court's 2017 order that denied the same requested relief and there was no basis for reconsideration. Thereafter, the district court denied Guerriero's request for reconsideration. Guerriero argues that the district court erred because he had new evidence establishing his substantial assistance following the 2017 order and

---

[1] Federal Rule of Criminal Procedure 35(b) provides that, upon the government's motion made more than one year after sentencing, the district court may reduce a defendant's sentence if he provided substantial assistance that involved:

> (A) information not known to the defendant until one year or more after sentencing;
>
> (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>
> (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35(b)(2)(A)–(C). The discretion to determine whether the defendant provided substantial assistance, and whether to make a Rule 35(b) motion, rests solely with the government. *United States v. McNeese*, 547 F.3d 1307, 1308 (11th Cir. 2008).

that the government's continued refusal to file a Rule 35(b) substantial assistance motion was in bad faith and violated the plea agreement.[2]  After review, we affirm.

## I.    Background

In 2016, Guerriero pleaded guilty to conspiracy to commit mail and wire fraud in exchange for the government agreeing to dismiss the remaining nine counts against him.  His plea agreement contained a substantial-assistance provision that provided as follows:

> [The United States Attorney's Office for the Southern District of Florida] reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing.  If in the sole and unreviewable judgment of this Office the defendant's

---

[2] After Guerriero filed his appeal in this case, he filed a motion for early termination of his supervised release, followed by a motion for immediate ruling on the motion for termination.  The district court denied the motions in paperless orders noting that the case was on appeal.  He then filed a motion for reconsideration.  While the motion for reconsideration was pending in the district court, he filed an "emergency motion for a limited remand" in this Court so that the district court could rule on the merits of those underlying motions seeking early termination of his supervised release.  However, since the filing of that motion, the district court denied his motion for reconsideration in a paperless order stating that "[t]he conduct of the Defendant and the interest of justice [d]o not support early termination of his supervision."  Accordingly, because the district court has addressed the merits of his request for early termination of his supervised release, we deny the emergency motion for limited remand as moot.

cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion . . . subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

The district court sentenced Guerriero to 151 months' imprisonment to be followed by 3 years' supervised release.[3] Guerriero did not file an appeal.

In May 2017, Guerriero filed a counseled "motion for specific performance of [the] plea agreement," under 28 U.S.C. § 2255, arguing, in relevant part, that the government had failed to file a Rule 35(b) motion for a reduction in sentence per the terms of the plea agreement in bad faith, despite Guerriero fulfilling his

---

[3] Guerriero began serving his three-year term of supervised release on September 6, 2024.

end of the bargain and providing such assistance. The government opposed the motion, arguing that it had the sole discretion to decide whether to file a Rule 35(b) motion and that the information Guerriero provided was not usable or helpful.

Following an evidentiary hearing, the district court denied the motion, concluding that, per the terms of the plea agreement, the decision to file a motion for substantial assistance rested solely in the government's discretion and that there was no evidence of bad faith or an unconstitutional motive on the part of the government. Rather, the evidence at the hearing established that Guerriero had attempted to provide assistance, but the government determined in its discretion that the evidence was "not . . . of a quantity and significance to warrant the filing of a . . . Rule 35 motion." Accordingly, the court denied the motion.

Approximately seven years later, in December 2024, Guerriero filed the underlying *pro se* "motion to enforce specific performance of plea agreement and for sentence reduction," asserting that he had provided "extraordinary and documented substantial assistance—leading to federal prosecutions, significant convictions, and critical institutional safety improvements." He maintained that the government, in its 2017 response to Guerriero's prior motion to enforce the plea agreement, made several "false claims" and "material misrepresentations" concerning his cooperation and substantial assistance. He alleged that the government's continued bad faith refusal to file a Rule 35(b) motion violated the plea agreement and his due process

rights. He attached several documents to his motion that purportedly demonstrated his cooperation and substantial assistance since the 2017 order.[4]

The government opposed the motion, arguing that it was based on identical grounds as Guerriero's 2017 motion and essentially sought reconsideration of the court's prior order denying relief. Additionally, the government maintained that it had spoken with the lead counsel in the cases in which Guerriero claimed to have provided substantial assistance since 2017 and confirmed that he had not provided substantial assistance. Accordingly, reconsideration of the court's prior order was not warranted.

The district court denied the 2024 motion in a paperless order, concluding that Guerriero essentially sought reconsideration of its 2017 order, but he had provided no legal basis for reconsideration.

---

[4] These documents included (1) a 2020 letter from three Bureau of Prisons ("BOP") officers stating that, since 2018, Guerriero had assisted them in recovering contraband in the prison, including narcotics, weapons, tobacco, and cell phones, and he had helped "identify[] potentially corrupt law enforcement personnel"; (2) a Department of Justice news release stating that a former BOP officer had been sentenced in 2023 to 15 months' imprisonment for engaging in sexual acts with an inmate (the release did not mention Guerriero or any assistance allegedly provided); and (3) a 2024 e-mail from a special agent with the Department of Justice simply thanking Guerriero for speaking with her, and stating that she would be "in contact with [him] as soon as [she] [had] an answer from the attorneys."

Guerriero filed a motion for reconsideration of the denial of his 2024 motion, asserting that the court had failed to consider his "substantial new evidence" of substantial assistance post-2017, "which fundamentally alter[ed] the trajectory of this case." He maintained that the court's cursory denial of his 2024 motion without considering the new evidence was a due process violation, and that this new evidence could not have been raised or considered in 2017 because it all occurred post-2017. He contended that "material changes in the facts arising after a prior decision require proper consideration." The district court denied the motion without explanation. Guerriero then timely appealed.

## II.　Discussion

Guerriero argues that the district court erred in treating his 2024 motion for specific performance of the plea agreement as a motion for reconsideration of the court's 2017 order.[5] He

---

[5] For the first time on appeal, the government argues that the district court should have dismissed the underlying motion for lack of jurisdiction as an unauthorized, impermissible successive 28 U.S.C. § 2255 motion to vacate because Guerriero's 2017 motion was filed under § 2255 and he simply was "repackag[ing]" the same claim in his 2024 motion with "new" evidence of cooperation. We disagree. Although Guerriero's 2017 motion stated in passing that it was brought under § 2255, the motion did not otherwise reference or discuss § 2255 or the applicable standards to such motions. And the district court did not docket it as a § 2255 motion to vacate sentence or reference § 2255 at all in its order. Thus, it does not appear that the district court treated the 2017 motion as a § 2255 motion. Accordingly, we conclude that the 28 U.S.C. § 2244(b)(3)(A) and § 2255(h) pre-authorization requirements to file a second or successive § 2255 motion were not triggered by the prior 2017 motion and order.

maintains that it was not a motion for reconsideration because he attached new evidence demonstrating his substantial assistance post-2017, and that the district court erred in failing to consider this new evidence. He further maintains that the government is acting in bad faith by failing to honor the plea agreement and file a Rule 35(b) motion and by making false representations to the court.[6]

We review the district court's denial of a motion for reconsideration for abuse of discretion. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015) (quotations omitted).

Here, the district court did not err in treating Guerriero's 2024 motion for specific performance of the plea agreement as a motion for reconsideration of the court's 2017 order. In its 2017 order, the district court explained that, under the terms of the plea

---

[6] Guerriero contends that the government falsely represented below that the new evidence of substantial assistance he submitted had already been considered in 2017, which Guerriero contends is impossible because the supporting letter, news article, and e-mail did not exist in 2017. We note, however, that the government never made this argument. Instead, the government merely argued that (1) Guerriero was seeking the same relief that he had requested in 2017 on the same basis—that he had provided substantial assistance—which amounted to essentially a request for reconsideration of the court's prior order; and (2) the new evidence he offered of substantial assistance did not establish that he had provided substantial assistance.

agreement, the government had the sole discretion to determine whether Guerriero's actions constituted substantial assistance, and that the government had determined that his aid did not rise to that level.  In his 2024 motion, Guerriero (1) sought the same relief as the 2017 motion—a sentence reduction under Rule 35(b) based on the plea agreement; (2) made the same arguments—that he had provided substantial assistance, albeit since the 2017 order, and the government acted in bad faith in failing to file a Rule 35(b) motion; and (3) asserted that the government made false representations in its response to the 2017 motion.  In other words, his 2024 motion boiled down to quarreling with the government's prior representations concerning his 2017 motion seeking the same relief and urging the court to reconsider its decision in light of the new evidence of his post-2017 substantial assistance.  Thus, the district court did not err in treating the 2024 motion as a motion for reconsideration of the 2017 order.

Furthermore, the district court did not abuse its discretion in denying the 2024 motion.  Guerriero essentially sought to relitigate old matters concerning the government's alleged false representations to the court in 2017, which is not proper in a motion for reconsideration.  *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) ("A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." (quotations omitted)).  And although he presented new post-2017 evidence of his alleged substantial assistance, that evidence could not serve as a basis for reconsideration because, as

the court explained in the 2017 order, the determination of whether Guerriero provided substantial assistance lies solely with the government, not the court. *See McNeese*, 547 F.3d at 1308. Because the government has the sole discretion to determine whether Guerriero's actions constitute substantial assistance, the court lacked the power to review the government's refusal to file a Rule 35(b) motion based on the post-2017 evidence of substantial assistance, absent "a substantial threshold showing that the refusal was based upon an unconstitutional motive, such as the defendant's race or religion." *Id.* (quotations omitted). Guerriero made no such allegations. Accordingly, there was no basis for the district court to reconsider its prior decision even in light of the new evidence, and it properly denied the 2024 motion.

To the extent Guerriero appeals the district court's subsequent denial of his motion for reconsideration of the denial of the 2024 motion, the district court also did not abuse its discretion in denying that motion. Guerriero simply quarreled with the court's order denying the 2024 motion and did not present any valid basis for reconsideration. *Wilchombe*, 555 F.3d at 957. As we explained above, the district court considered the post-2017 evidence attached to Guerriero's 2024 motion, but that evidence did not provide a basis for relief because the determination of whether Guerriero provided substantial assistance lies solely with the government, not the court. *See McNeese*, 547 F.3d at 1308. Accordingly, the district court did not err in denying the motion for reconsideration.

**AFFIRMED.**