[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13421

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANTHONY SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:17-cr-00356-SCB-JSS-1

_____

Before JORDAN, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Anthony Sanchez, proceeding *pro se*, appeals the district court's denial of his *pro se* motion to compel the government to file a substantial-assistance motion under Federal Rule of Criminal Procedure 35(b). In response, the government moves for summary affirmance, arguing that the district court correctly denied Sanchez's motion because the government had the sole discretion to determine whether to file a substantial-assistance motion and Sanchez did not allege that the government had unconstitutional motives for deciding not to file such a motion.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1] We review *de novo* whether the district court may compel the government to make a substantial assistance motion. *United States v. Forney*, 9 F.3d 1492, 1498 (11th Cir. 1993). *Pro se* pleadings are liberally construed. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

Rule 35(b) allows the court to reduce the defendant's sentence after sentencing, pursuant to the government's motion stating that the defendant provided substantial assistance in investigating or prosecuting another person. *See* Fed. R. Crim. P. 35(b). The government has the power, but not a duty, to file a substantial-assistance motion. *United States v. Dorsey*, 554 F.3d 958, 960–61 (11th Cir. 2009); *see also United States v. McNeese*, 547 F.3d 1307, 1309 (11th Cir. 2008) ("The Supreme Court and this Court long have recognized that the government discretion to seek a substantial-assistance reduction is vast."). And absent a motion from the government requesting a departure, the district court may not depart from the guidelines based on the defendant's substantial assistance. *Wade v. United States*, 504 U.S. 181, 185 (1992); *McNeese*, 547 F.3d at 1309 (extending *Wade* to Rule 35(b) motions).

The prosecutorial discretion to refuse to file a substantial-assistance motion is subject to judicial review only if it is based on an unconstitutional motive, such as the defendant's race or religion, or is not rationally related to any legitimate government end. *Wade*, 504 U.S. at 185-86; *McNeese*, 547 F.3d at 1309. Consequently, when a defendant merely claims he provided substantial assistance or makes generalized allegations of improper motive, he is not entitled to a remedy or even to an evidentiary hearing. *Wade*, 504 U.S. at 185–86.

When the government fails to comply with the specific terms of a plea agreement, including a promise to file a substantial-assistance motion, we review according to contract principles. *See*

*Forney*, 9 F.3d at 1499 n.2.  When the government has promised only to consider the defendant's cooperation, as opposed to a promise to file a motion for reduction, we review the government's refusal to file a motion for a constitutionally impermissible motive, unless the evidence shows that the government failed to consider the defendant's assistance at all.  *Id.*

Here, we summarily affirm the denial of Sanchez's *pro se* motion to compel the government to file a substantial assistance motion under Rule 35(b).  Nothing in Sanchez's plea agreement required the government to file a Rule 35(b) motion.  It is, therefore, clear as a matter of law that the district court correctly denied Sanchez's motion because the government had the sole discretion to decide whether to file a substantial-assistance motion and Sanchez did not allege that the government had unconstitutional motives for not filing the motion.  *See McNeese*, 547 F.3d at 1309.

**AFFIRMED.**